[Civ. No. 15982.   Second Dist., Div. Three.   Sept. 4, 1947.]

Estate of WRETHA JORDAN, Deceased.   INA JENKINS et al., Appellants, v. CLIFTON MULDROW, Respondent.

Thomas L. Griffith, Jr., for Appellants.

Gordon, Ragland & Porter for Respondent.

SHINN, Acting P. J.—Appeal from a judgment admitting a will to probate. The typewritten will reads as follows:

"WILL

THIS IS THE LAST WILL OF WRETHA JORDAN

Los Angeles, California
September 29, 1945.

Knowing we all must depart from this life some day, I want

all my debts paid. I want all of my insurance put on my funeral.

The home I am buying at 2125 West 29th Street, Los Angeles, I want Clifton Muldrow to have. If I have not finished paying for it, I want him to finish paying it out. I want Clifton Muldrow to have part of the household goods and Wayman Moore part of the household goods.

Clifton Muldrow must pay all of my doctor bills, if there be any, and all of my other debts.

Signed,   WRETHA JORDAN<br>Wretha Jordan.

Witnesses:

MRS. BOBBIE RODGERS RHODES.

Mrs. Bobbie Rodgers Rhodes

ALPHONSE E. CAIN.

Alphonse E. Cain.

P. S. I want Clifton Muldrow to send my brother, Wash Fatheree $20.00, my brother, Hice Fatheree, $20.00 and my niece, Ina Jenkins, $20.00, if they are alive. Clifton Muldrow is to be executor of my estate without bond. Anyone contesting this will, will be paid one dollar and one cent ($1.01).

Subscribed and sworn to before me, a Notary Public, in and for the County of Los Angeles, State of California, this 11th day of November, 1945.

(SEAL)   HAZEL A. MACBETH

Hazel A. Macbeth

My Commission Expires Feb. 21, 1946.''

It was offered for probate by Clifton Muldrow and probate was opposed by appellants, Ina Jenkins and Wash Fatheree, respectively niece and brother of decedent, and by a creditor who does not appeal.

It was established by the evidence that testatrix and the witnesses signed the will in the presence of each other, and that testatrix declared it to be her will.

The question of validity arises from the fact that a portion of the writing follows the signatures of testatrix and the subscribing witnesses. According to the witness Cain, testatrix, in November, 1945, handed him what purported to be her will and asked him to have it typed for her. Her

expressed reason was that her handwriting might be misinterpreted. This document was placed in evidence by the proponent, with an envelope inscribed "The Last Will of Wretha Jordan." It bears date September 29, 1945, is handwritten and bears the purported signature of Wretha Jordan, below which are the signatures of two others. The portion above the signatures (except in minor detail) is identical with the corresponding portion of the typed will. Below the signatures it reads as follows: "P. S. I want Clifton Muldrow to send my brother Wash Fatheree $20 dollars my Brother Hice Fatheree $20 dollars if they are alive. This without Bond."

The typist, Hazel A. Macbeth, who was also a notary, testified that she typed only the portion which preceded the signatures at her office and took her typewriter to the home of testatrix where she added the portion commencing "P. S.," which differs somewhat from the corresponding portion of the handwritten document. There was testimony that the addition was made before the signatures of testatrix and the witnesses were affixed.

The court made the following finding: "IV. That, although the name of the testatrix and of the witnesses to the Will do not appear before and at the end of the last clause, thereof, said clause was written thereon and was a part of said instrument before the names of the testatrix and witnesses were affixed thereto, and that it was the manifest intention that the last clause thereof should be included in and be a part of the said Last Will and Testament of Wretha Jordan." This finding, if given effect, would inevitably defeat' the will. It makes of the writing an entire document. Due execution requires that the signatures of the testator and the subscribing witnesses be affixed at the end of the will (Prob. Code, § 50). This is held to mean, at the end of the testamentary provisions. (*Estate of Morey*, 75 Cal.App. 2d 628 [171 P.2d 131]; *Estate of Moro*, 183 Cal. 29 [190 P. 168, 10 A.L.R. 422]; *Estate of Seaman*, 146 Cal. 455 [80 P. 700, 106 Am.St.Rep. 53, 2 Ann.Cas. 726].) It is argued that the direction of Clifton Muldrow to send $20 to each of three named relatives was precatory only, and that it may be disregarded in determining what constituted the will. Neither argument is sound. The directions and bequests throughout the will all start with the same words as were used in the direction with respect to the three bequests. Five times in

the main body of the will directions commence with the words, ''I want,'' and it would not seem that they were intended to have less significance in one connection, or in one place, than in the others. It is true that these bequests were small in amount but they were of sufficient importance to testatrix to be included in the scheme of her will and that is enough to give them equal dignity with the more generous provisions.

The facts that she intended to include them and failed to incorporate them in the writing she signed defeat the entire will. No matter what her intentions may have been with reference to the inclusion of the added portion in her will, the courts are powerless to give effect to that intention in disregard of the indispensable requirements of due execution.    The rule that the expressed intentions of the testator are controlling in the interpretation of wills cannot ·be extended to the length of allowing intentions to take the place of required acts in the matter of execution. The strict requirement of the statute may not be ignored nor may it be relaxed as proponent would have done here, so as to make a will of a part only of what testatrix composed as her will. Under the finding that the entire writing was prepared before it was signed and constituted the intended will, none of it is good unless it is all good. Since the signatures were not affixed at the end of all the testamentary provisions the will is invalid. The judgment admitting the document to probate must be reversed.

   We have caused to be transmitted to this court the exhibits at the trial. One of these is the writing above referred to which was copied on the typewriter. The portion above the signature of the testatrix is in the form of a complete holographic will. Two persons signed as witnesses below the signature of the testatrix, but all three signatures preceded the final clause. Further proceedings should be had to determine whether this document is the will of Wretha Jordan. If it is established by proof that the signature and the writing which precede it are in her handwriting, that portion should be admitted as her will. If it should be proved that the final clause was written by testatrix before she affixed her signature, it would be a part of the will, since it is not necessary that an holographic will be signed at the end of the testamentary provisions. (*Estate of Morgan*, 200 Cal. 400 [253 P. 702].) If there should be a contest over the inclu-

sion of the final clause as a part of the will, even though it contains but two bequests of $20 each, it will be necessary for the court to determine from the circumstances under which the will was written and signed whether the final clause was a part of it, or only an attempted codicil, invalid for want of subscription and date.

The judgment is reversed for further proceedings in accordance with the views herein stated.

Wood, J., concurred.