[L. A. No. 24604.   In Bank.   Apr. 22, 1958.]

Estate of FRANCES R. HOWELL, Deceased. WALTER R. HOWELL, Appellant, v. MARY F. O'MALLEY et al., Respondents.

Paul R. Hutchinson for Appellant.

A. J. O'Connor and George J. Hider for Respondents.

McCOMB, J.—This is an appeal by Walter R. Howell from an order denying his petition for revocation of the probate of the will of Frances R. Howell, deceased.

Frances R. Howell died August 19, 1955, leaving the following document:

### Last Will and Testament

I, Frances R. Howell, a resident of Los Angeles, California, declare this to be my last Will and revoke all other Wills previously made by me:

First: Mutual of New York Insurance Policy for One Thousand ($1,000.00) Dollars to my son, Walter R. Howell, to be used for payment of funeral expenses: The remainder to be used for low masses.

Second: Equitable Insurance Policies for One Thousand ($1,000.00) Dollars each, total value—Two ($2,000.00) Dollars to be converted into U S Savings Bonds of the following denominations: Two— One Thousand ($1,000.00) Dollar Bonds Seven —One Hundred ($100.00) Dollar Bonds—Total cost of these bonds—Two Thousand and Twenty-Five ($2,025.00) Dollars. The additional Twenty-Five ($25.00) Dollars to be paid from savings account. These bonds to be held until maturity for my granddaughters, Virginia and Francine Howell and to be divided

I appoint Walter R. Howell as Executor of this Will and Mary F. O'Malley as Co-Executrix of this Will.

This Will was signed by me on the fifth day of August, 1955, at 1458 Logan St. Los Angeles, 26, California.

Mrs. Frances R. Howell

The foregoing instrument was, on the date thereof, signed by the testator, Frances R. Howell, in our presence, we being present at the same time, and she then declared to us that the said instrument was her last Will; and we, at the request of said Frances R. Howell, and in her presence, and in the presence of each other, have signed the same as witnesses. We further declare that at the time of signing this Will the said Frances R. Howell appeared to be of sound and disposing mind and memory and not acting under duress, menace, fraud or the undue influence of any person whomsoever.

Margaret B. Conlon residing at 1453½ Echo Park Ave.
Signature of Witness

Kathryn C. Bates residing at 1466½ Echo Pk. Ave.
Signature of Witness

J. Alfred Bates residing at 1466½ Echo Pk. Ave.
Signature of Witness

Frances R. Howell

Last Will and Testament—Frances R. Howell

equally between them. If one dies, the survivor is to receive all the bonds.

Third: Reliance Insurance Policy for One Thousand ($1,000.00) Dollars, and Metropolitan Insurance Policy for Five Hundred ($500.00) Dollars I leave to my son, Walter R. Howell.

Fourth: United Air Lines Stock—Eighty (82) shares I leave to my daughter-in-law, Huguette Howell. If cashed, not more than Fifteen Hundred ($1,500.00) Dollars is to be used within the first year—The remainder after three years from date of this will.

Fifth: Boeing Aircraft Stock—Sixty (60) shares I leave to my son, Walter R. Howell. If sold not more than Fifteen ($1,500.00) Dollars to be used before three years from date of this will; the remainder five years from date of will.

Sixth: Mullins Manufacturing Co. Stock—One Hundred Five (105) shares I leave to my sister, Mary C. O'Malley and nieces, Rita A. and Mary F. O'Malley to be equally divided.

Seventh: Bank of America Stock—Twenty (20) shares I want equally divided among my good friends, Margaret Beacham, Ellen Tobin, Margaret Pohl, and Frances Murphy.

Eighth: First National Bank Stock—All shares I leave to my nieces, Rita A. and Mary F. O'Malley to be equally divided.

Ninth: Lackawanna Trust Co. Stock—One (1) share I leave to my niece, Rita A. O'Malley.

Tenth: The following stock to be divided equally between my granddaughters, Virginia and Francine Howell:

American Bank Note—Twenty (20) Shares
Ohio Edison Company—Four (4) Shares
Southern Company—Eight (8) Shares
Canadian Atlantic Oil Co.—One Hundred (100) Shares

If this stock is cashed, the money received must be used to buy U S Savings Bonds for Virginia and Francine Howell and bonds must be held until maturity.

> Eleventh: Savings Account — Western Federal Savings Bank I leave to my son, Walter R. Howell—Not more than One Thousand ($1,000.00) Dollars can be used until after the second interest period, the remainder,
>
> Frances R. Howell
>
> ---
>
> LAST WILL AND TESTAMENT—FRANCES R. HOWELL
>
> PAGE THREE
>
> if any, after the fourth interest period.
>
> Twelfth: All my household and personal effects to be given to my son, Walter R. Howell and my daughter-in-law, Huguette Howell. All outstanding bills to be paid from balance in checking account and balance of U S Savings Bonds and if necessary from savings account.
>
> } 7½ inches blank space
>
> Frances R. Howell

■ This is the sole question presented for determination: *Was the purported will executed in accordance with the requirements of section 50 of the Probate Code?*

*No.* Section 50 of the Probate Code reads in part:

"Every will, other than a nuncupative will, must be in writing and every will, other than a holographic will and a nuncupative will, must be executed and attested as follows:

"(1) Subscription. It must be *subscribed at the end thereof by the testator* himself, or some person in his presence and by his direction must subscribe his name thereto.

. . . . . . . . . . . . . . .

"(4) Attesting witnesses: There must be at least two attesting witnesses, *each of whom must sign the instrument as a witness, at the end of the will,* at the testator's request and in his presence." (Italics added.)

The purported will consists of three pages. The first page is a printed form entitled "Last Will and Testament." Two testamentary provisions and the appointment of executors were typed on the form. On the same page, in the space provided on the form, appear the signature of the testatrix, "Mrs. Frances R. Howell," and an attestation clause signed

by three witnesses. There are two other typewritten pages with the heading "Last Will and Testament—Frances R. Howell," numbered "Page Two" and "Page Three." Page two is filled with testamentary provisions numbered third to eleventh inclusive, and page three contains testamentary provision numbered twelfth consisting of five lines and ending within the top quarter of the page. At the bottom of each page of the purported will appears the signature of the testatrix, "Frances R. Howell." On page three there are seven and one half inches of blank space between the testamentary provisions contained on that page and the signature at the bottom.

There is no evidence in the record that the three sheets were bradded or attached together or constituted a single document at the time they were signed by the testatrix.

It is apparent that the *purported will was not subscribed at the end thereof by the testatrix and the witnesses.* The real execution by the testatrix and by the witnesses is on the first page. This is obviously not at the end of the testamentary provisions.

Even if it be assumed that the signature of the testatrix at the bottom of page three is sufficiently close to the end of the testamentary provisions to qualify as a signature at the end, it is still clear that the signatures of the witnesses are lacking at the end, and under section 50 of the Probate Code there is no way to go back to page one and pick up their signatures in order to validate the will.

Statutory requirements must be strictly followed in the execution of a will, and the testator's intention is not to be considered in determining whether such requirements have been met. (*Estate of Moore,* 92 Cal.App.2d 120, 122 [1] [206 P.2d 413].)

The requirement that wills be executed at the end thereof was adopted from the English statutes by the State of New York and thereafter incorporated in the Field Codes in California. Hence, decisions of New York courts with reference to identical statutes are very persuasive in this state. (*Estate of Dwyer,* 159 Cal. 664, 676-677 [115 P. 235].)

In *In re Andrews' Will,* 162 N.Y. 1 [56 N.E. 529, 76 Am. St.Rep. 294, 48 L.R.A. 662], a will had been prepared on a printed blank folded in the middle so as to constitute four pages. The signatures of the testatrix and the witnesses appeared on the back of the first page. The page on which the

signatures appeared had been marked by the draftsman "3rd page." The first page of the second leaf contained bequests of personal property and a residuary clause, and the page was marked "2nd page." The surrogate's court held that the will had not been signed at the end and denied it probate. In affirming the order of the surrogate's court, the Court of Appeals said at page 530: ". . . the intention of the testator is not to be considered when construing this statute, but that of the legislature. The question is not what did the testator intend to do? but what has he done in the light of the statute? It is undoubtedly true that from time to time an honest attempt to execute a last will and testament is defeated by failure to observe some one or more of the statutory requirements. It is better this should happen under a proper construction of the statute, than that the individual case should be permitted to weaken those provisions calculated to protect testators generally from fraudulent alterations of their wills." (See also *Estate of Seaman*, 146 Cal. 455, 465 [80 P. 700, 106 Am.St.Rep. 53, 2 Ann.Cas. 726]; *Estate of Jordan*, 81 Cal. App.2d 419, 421 [1] [184 P.2d 165]; 94 C.J.S. (1956), Wills § 177, pp. 980-981; Page on Wills (3d ed. 1941), vol. 1, p. 566.)

*Estate of Chase*, 51 Cal.App.2d 353 [124 P.2d 895], is not contrary to the views herein expressed. In that case the instrument was entirely in the handwriting of decedent except for some printed matter on a printed form. The form had an attestation clause on the back, numbered page 4, where the will was signed by the testatrix and the witnesses. There were three sheets attached to the printed form, and the entire document was admitted to probate. The pages were numbered so that they could be identified, and the testatrix and witnesses signed in the space provided on page 4, which was at the end of the will.

The cited case is merely authority for the proposition that where a probate court finds, supported by substantial evidence, that a testatrix and witnesses have executed a will at the end thereof, it meets the requirements of section 50 of the Probate Code.

The order is reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.