[S. F. No. 9125.   In Bank.—May 21, 1920.]

## In the Matter of the Estate of GIOVANNI MORO, Deceased.

[1] ESTATES OF DECEASED PERSONS—EXECUTION OF WILL—SUBSTANTIAL COMPLIANCE WITH CODE.—Substantial compliance with the requirements of section 1276 of the Civil Code is essential to the validity of any will other than·a holographic or nuncupative will.

[2] ID.—ATTESTING WITNESSES—SIGNATURES AT END OF WILL—DETERMINATION UPON INSPECTION OF DOCUMENT.—Whether there has been substantial compliance with the code requirement that the signatures of the attesting witnesses be at the end of the will is a question that necessarily must be determined solely upon an inspection of the document itself.

[3] ID.—ATTESTATION CLAUSE ON SEPARATE PAGE—SUBSTANTIAL COMPLIANCE WITH CODE.—Where a will consisted of three separate sheets of paper fastened together and the attestation clause alone with the signatures of the witnesses appeared on the third sheet, the witnesses signed at the end of the will within the meaning of subdivision 4 of section 1276 of the Civil Code, although on the second sheet following the signature of the testator there was sufficient blank space for the attestation clause and signatures of the witnesses.

[4] ID.—TEST OF SIGNATURES OF WITNESSES.—Signatures of attesting witnesses are practically and substantially at the end of the will, within the requirement of subdivision 4 of section 1276 of the Civil Code, where they are placed in such a position with relation to the concluding words of the will and so near thereto and following the same as to warrant a reasonable inference that they were placed where they appear solely for the purpose of attesting the execution of the will.

APPEAL from an order of the Superior Court of Sonoma County admitting will to probate.   Thomas C. Denny, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arnold C. Lackenbach for Appellant.

W. H. Early and Fred S. Howell for Respondent.

ANGELLOTTI, C. J.—This is an appeal from an order admitting a purported will to probate as the will of de-

ceased, and denying the petition of appellant for letters of administration. The sole contention of appellant is that the purported will was not executed in the manner required by law.

The only alleged defect in the matter of execution is that the signatures of the two attesting witnesses are not "at the end of the will" as required by subdivision 4, section 1276 of the Civil Code. The purported will was typewritten on three separate sheets of paper approximately eight and one-half inches wide by thirteen inches long, which, with a cover sheet, indorsed as the will of deceased, were fastened by eyelets at the top. The typewriting commences a little over two inches from the top of the first sheet, consumes the entire page, continues on the second sheet, commencing a little over two inches from the top, and ends a little over three and one-half inches from the top of the second sheet, with "In witness whereof I have hereunto set my hand and seal this 25th day of June, 1917." The signature of the deceased was placed immediately after this on a line left for that purpose. There are no other signatures on the page, there being a blank space of about eight and one-half inches to the bottom thereof. On the third sheet or page the typewritten attestation clause commences about two inches from the top, occupying about three inches, and the signatures of the attesting witnesses are written directly beneath the attestation clause, on lines provided for that purpose, with their respective places of residence stated in typewriting. The third sheet is not numbered at the bottom, the others being numbered at the bottom respectively "1" and "2." The evidence at the hearing was such that there is no pretense that the instrument was not executed and attested in the precise form and order of sheets in which it was filed for probate. The attestation clause and signatures of witnesses follow the signature of the testator, which was properly appended immediately after the last sentence of the will. Looking at the instrument as a whole, it has every appearance of careful preparation and genuineness, and of being in exactly the condition in which it was at the time the various signatures were appended.

The whole claim of appellant is that because of the blank space between the signature of the testator and the commencement of the attestation clause, and the fact that such

attestation clause and the signatures of the witnesses are on the succeeding sheet or page instead of on the sheet or page on which appears the testator's signature, the two witnesses did not sign "at the end of the will."

[1] It must be conceded, of course, that substantial compliance with the requirements of section 1276 of the Civil Code is essential to the validity of any will other than a holographic or nuncupative will. That section requires in subdivision 1 that "it must be subscribed *at the end thereof* by the testator himself, or some person in his presence and by his direction must subscribe his name thereto," and in subdivision 4 that "there must be two attesting witnesses, each of whom must sign the same as a witness, *at the end of the will*, at the testator's request and in his presence."

[2] Whether there has been substantial compliance with this requirement as to the place of signature of the witnesses is a question that necessarily must be determined solely upon an inspection of the paper itself, assuming, as we must, in view of the circumstances, that the document when signed by the witnesses was in the same condition as when filed for probate. If the signatures are not in fact "at the end of the will" within the meaning of subdivision 4 of section 1276 of the Civil Code, that is an end of the matter, and it must be held that the will was not executed in the manner prescribed by law.

[3] We think, in view of the appearance of the document itself, that in the determination of this question the mere fact that the attestation clause and signatures of witnesses are on the sheet or page following that on which the testator appended his signature is altogether immaterial. As said in the *Matter of Field,* 204 N. Y. 448, 454, [Ann. Cas. 1913C, 842, 39 L. R. A. (N. S.) 1060, 97 N. E. 881, 883], "there is no statute forbidding the use of separate sheets or directing how they shall be joined together." The instrument filed, consisting of the three sheets fastened together as already described, must be regarded as a completed whole, and so regarded each part, down to and including the signatures of the witnesses, follows a previous part naturally and in proper order, with the signatures of the witnesses and their places of residence the very last words of the instrument. The place of such signatures bears the required relation to the conclusion of the will proper, and obviously

they were there placed for the sole purpose of legal attestation. If the words of the will itself with the signature of the testator had reached to the very bottom of the second sheet or page, no one could claim with any show of reason whatever that the fact that the attestation clause and signatures followed on another sheet or page instead of on the second sheet or page in any degree affected the question of sufficiency of execution. The claim of appellant that the signatures of the witnesses are not "at the end of the will" is necessarily based on the fact of the blank space on the second sheet or page following the testator's signature, a space considerably more than sufficient in size to have permitted the insertion therein of the attestation clause and signatures of witnesses.

What is meant by "the end of the will" with reference to the place of signature of testator and witnesses is a question that has received some consideration at the hands of the courts of New York, from which our statute was taken, as well as from this court, but in our opinion no case cited goes to the extent of warranting the rejection of the will here involved on the theory that there was not a substantial compliance with the requirement that the witnesses sign "at the end of the will." It is settled by the decisions that in view of the requirement no portion of the writing constituting the will proper may follow the signatures. This, of course, is clear. So where the purported signatures, whether of testator or witnesses, have been found in places *preceding* the end of the writing, the will has been rejected as not executed in accord with the imperative demand of the statute. Obviously, the end of the will cannot be at the beginning or in the middle or anywhere else except *after* the last provision of the instrument itself. The claim of appellant is that to be "at the end of the will," the signature of the testator must *immediately* follow the close of the will, without any considerable intervening blank space, and that the signatures of the witnesses, or at least the commencement of the attestation clause, must *immediately* follow the signature of the testator, without any considerable intervening blank space. In this behalf reliance is placed on certain expressions in the court" opinion in *Estate of Seaman,* 146 Cal. 455, [106 Am. St. Rep. 53, 2 Ann. Cas. 726, 80 Pac. 700], where the pur-

ported signatures, both of testator and witnesses, were on the back of a folded will, under the printed words of indorsement, ''The last will and testament of'' under which the name ''Henry Seaman'' had been written, and a printed form for date of filing, certainly not a natural or proper place for them, or a place bearing any proper relation to the concluding portion of the provisions of the will. While these signatures were subsequent in place to every provision of the will, it was held that the signature of the testator was not at the end of the will within the meaning of the statutory requirement, and that the end of the will ''is not the foot or physical end of the sheet of paper upon which the will is written, but is the physical termination of the testamentary provisions which constitute the will.'' Discussing the requirement as to the testator's signature, ''the court'' opinion said: ''The requirement that the name shall be subscribed 'at' the end of the will is not satisfied by having that name written *at any place* 'after' the termination of the written matter, *irrespective of the relation which such place bears to the concluding portion of the will.* This provision does not, however, of necessity require that it shall be in immediate ˚juxtaposition with the concluding words of the instrument, *but that it shall be so near thereto as to afford a reasonable inference. that the testator thereby intended to indicate an authentication of the instrument as a completed expression of his testamentary purposes.*'' (The italics are ours.) The court went on to say that the signature must in fact be placed in such proximity to the testamentary provisions as to constitute a substantial compliance with the statute, and that while a slight space, a single line ''or even more,'' might be left blank, yet to leave blank an ''entire page'' would indicate a disregard of the statute which should prevent admission of the will to probate. In his concurring opinion Chief Justice Beatty said: ''The true test to determine whether a decedent has subscribed his name at the end of the will is to take the document as it left his hand, and then, disregarding the signatures of the witnesses [which were in the same place as the testator's], and all evidence *aliunde,* to see whether it is apparent that his name was placed where it appears for the purpose of authentication.'' In another concurring opinion by the writer of this opinion,

CLXXXIII—3

concurred in by Justice Shaw, the test of Chief Justice Beatty was accepted as correct, with the further statement that the signature must be after the termination of the testamentary provisions, and that where so placed "the mere extent of space between such termination and the subscription ought not to affect the question as to whether the statute has been complied with, *if* the document on its face, disregarding the signatures of the witnesses and all evidence *aliunde*, fairly indicates that the name was so placed by the testator as a subscription and for the purpose of execution," and that "the extent of space is, of course, material upon the question as to what the document does indicate upon its face." It will be seen that the gist of these opinions is that as to the testator's signature it is not enough that the signature be in any place after the termination of the will proper, "irrespective of the relation which such place bears to the concluding portion of the will" (it being in that case on the back of the folded will and under the words of indorsement of the nature and character of the instrument), and that while it is not required that it shall be in immediate juxtaposition with the concluding words of the will, "it shall be so near thereto as to afford a reasonable inference that the testator thereby intended to indicate an authentication of the instrument as a completed expression of his testamentary purposes." This was the express test prescribed by "the court" opinion as regards the testator's signature, and it may here be assumed, as suggested by the court, that the intervention of an "entire" blank page between the concluding portion of the will and the signature would require the rejection of the will as showing a material disregard of the provisions of the statute, for the reason that the instrument would not then on its face warrant the required inference. With relation to the signatures of the witnesses the same test would require that they be placed in such a position with relation to the concluding words of the will and so near thereto, and, of course, *following* the same, as to warrant a reasonable inference that they were placed where they appear solely for the purpose of attesting the execution of the will. If so placed, they are practically and substantially "at the end of the will" within the meaning of the statutory requirement. [4] We consider this to be practically the ruling in *Estate of Seaman, supra,* and it

commends itself to us as correct. In this case the inference
to that effect arising. upon an inspection of the instrument
is irresistible, and we are satisfied that in the respect sug-
gested there was a substantial compliance with the law in
the matter of the execution of the will.

We think the distinction between the case at bar and the
various cases relied on by learned counsel for appellant is
so obvious as to render consideration of those cases un-
necessary here.

The order appealed from is affirmed.

Shaw, J., Wilbur, J., Olney, J., and Lawlor, J., concurred.

LENNON, J., Dissenting.—I dissent. The will in ques-
tion was not, in my opinion, executed in keeping with the
requirements of section 1276 of the Civil Code. That sec-
tion provides, among other things, that every written will,
other than a holographic will, must be signed by two attest-
ing witnesses, who must affix their signatures *at the end
of the will.*

The document admitted to probate as the last will and
testament of Giovanni Moro is typewritten and consists of
three sheets of paper, eight and one-half inches wide and
thirteen inches long, fastened together at the top by staples.
The dispositive clauses completely fill the first page. A con-
cluding paragraph consisting of four lines appears at the top
of the second page and is immediately followed by the signa-
ture of Moro. The remainder of the second page, a space of
about eight inches, is blank. The usual attestation clause
followed by the signatures of the attesting witnesses appears
at the top of the third page and occupies altogether a space
of about five inches.

The *Estate of Seaman,* 146 Cal. 455, [106 Am. St. Rep.
53, 2 Ann. Cas. 726, 80 Pac. 700], is the leading case in
California on the question of what is meant by the words
"at the end of the will" as they are used in section 1276 of
the Civil Code. The decision in that case is fully in accord
with the New York cases construing a similar statute. The
law is stated by the court in that case as follows:

"The provision that the will must be subscribed at the
end thereof requires the testator's name to be written at
the termination of the testamentary provisions which he

makes in the instrument. The 'will' at whose end the name is to be subscribed is not the sheet of paper or other material upon which these testamentary provisions are written, but it is the declaration which the testator has written thereon for such testamentary disposition, and the 'end thereof' is not the foot or physical end of the sheet of paper upon which the 'will' is written, but is the physical termination of the testamentary provisions which constitute the will. . . . 'To say that where the name is, there is the end of the will, is not to observe the statute. That requires that where the end of the will is, there shall be the name. It is to make a new law to say that when we find the name, there is the end of the will. . . .' (*Sisters of Charity* v. *Kelly*, 67 N. Y. 409; *Matter of O'Neil's Will*, 91 N. Y. 522; *Matter of Andrews' Will*, 162 N. Y. 1, [76 Am. St. Rep. 294, 48 L. R. A. 662, 56 N. E. 529].)

"The requirement that the name shall be subscribed '*at*' the end of the will is not satisfied by having that name written at any place 'after' the termination of the written matter, irrespective of the relation which such place bears to the concluding portion of the will. This provision does not, however, of necessity require that it shall be in immediate juxtaposition with the concluding words of the instrument, but that it shall be so near thereto as to afford a reasonable inference that the testator thereby intended to indicate an authentication of the instrument as a completed expression of his testamentary purposes. It must appear upon the face of the instrument not only that he intended to place it at the end of his testamentary provisions, but that he has in fact placed it in such proximity thereto as to constitute a substantial compliance with this requirement of the statute. While a slight space, such as a single line, or even more, might be left blank between the written matter and the name without impairing the validity of the will, yet to leave blank an entire page between the two would *indicate a disregard* of the requirements of the statute, whether resulting from ignorance or intention, which should prevent its admission to probate. (See *Soward* v. *Soward*, 1 Duval (Ky.), 126.)"

In the *Estate of Seaman, supra,* as in the instant case, several New York authorities were urged upon the court by the proponent of the will. Of these *Matter of Gilman,*

38 Barb. 364, may be taken as representative. In the last-mentioned case the written matter of the will terminated four lines above the bottom of the page where the testator signed his name. The court said: ''An instrument is signed at the end when nothing intervenes between the instrument and the subscription. The place named in the statute is the end. The end of an instrument in writing commences and continues until something else or some other writing occurs.'' Referring to the quoted words this court said: ''This language may have been appropriate to the will then before the court, but as a construction to be given to the statute it does not meet with our approval, and is moreover inconsistent with the construction given in the above cases cited from the court of appeals of that state [New York]. Particularly do we dissent from the definition of 'end' as given in the last sentence of the quotation.'' *(Estate of Seaman, supra.)*

Applying the reasoning of *Estate of Seaman* to the instant case, it is manifest that the attesting witnesses did not sign ''at the end of the will'' within the meaning of the statute. In that case the court opinion, which, of course, states the law of the case, distinguishes between the ''will,'' or declarations of the testator, and the physical substance upon which the will is written. According to the reasoning of that opinion it is not sufficient for a signature to a will to be affixed at any place between the termination of the written matter and the physical end of the material substance which contains the writing; in order to be at the ''end'' of the will, the signature must be placed at the close of the testamentary provisions. The signature must be affixed in such relation to the place which bears the concluding portion of the will as to afford a reasonable inference that the signature was intended to indicate an authentication of the instrument as a completed expression of the testamentary purposes or, in the case of a witness, as an attestation of the execution of the will. But that alone is not sufficient. Irrespective of the indication of intent, it must appear that the signature was in fact placed in such proximity to the end of the *testamentary provisions* as to constitute a substantial compliance with the statute. A slight space might be left between the signature of the testator and the signatures of the witnesses, ''such as a single

line or even more," as stated in *Estate of Seaman*. Here, however, there is a space consisting of two-thirds of a page "a space considerably more than sufficient in size to have permitted the insertion therein of the attestation clause and signatures of witnesses." The signatures were placed at the top of a different and subsequent page. While the witnesses signed the last of several pages containing a will and there was no writing following the signatures of the witnesses, they did not sign at the termination of the testamentary provisions. Therefore, there has not been in fact an observance of the provisions of section 1276 of the Civil Code as that section has heretofore been interpreted by this court.

It is true that the question determined in the *Estate of Seaman* related to the position of the signature of the testator. But the requirement of the statute as to the position of the signatures of the witnesses and the signature of the testator is the same. Under the doctrine of the Seaman case, we would be constrained to declare the will void had the signature of Moro been placed on the third page where the signatures of the witnesses appear. The same language in the same statute cannot be given two totally different interpretations. "It is a requirement of the statute that both the testator and the *witnesses* must sign at the end of the will. Wherever the will ends, there the signatures must be found, and one place cannot be the end for the purpose of subscribing by the testator and another place be the end for the purpose of signing by the *witnesses*." (*Estate of Hewitt*, 91 N. Y. 261.)

Athough appellant does not rely upon any circumstance of fraud in the execution of the will, it may not be amiss to note that the will was not written upon a connected printed form but was typewritten upon several separate sheets of paper, the sheet containing the attestation clause having no connection, physical or otherwise, with the preceding sheets until it was stapled to them. It is not even numbered. It may be noted, moreover, that, while in the will itself the testator is referred to as Giovanni Moro, this being the name which is signed to the will, the testator is referred to in the attestation clause as John Moro. These circumstances are mentioned not for the purpose of indicating the probability of fraud in this particular case,

but to illustrate the undoubted possibilities of fraud, which it is the very purpose of the statute to prevent, should it be held that a will was duly executed where it appeared that the attestation clause and the signatures of the witnesses were placed upon a separate and independent sheet of paper, regardless of intervening space. For all that appears from the document itself, the paper containing the attestation clause may have been attached to the other sheets composing the document months after the signature of the testator was affixed.

Nor is it material that there may have been no fraud in fact in the instant case. "It would have been wholly unavailing to show that this will was in other respects properly executed; that there was some excuse for not placing the name of the witnesses at the end of the will; that there was the absence of fraud, and that the transaction was attended with entire good faith and fairness. The proof offered would not tend to show that the place where the signatures were signed was the end of the will." (*Estate of Hewitt, supra.*)

Rehearing denied.

All the Justices, except Lennon, J., concurred in the order denying a rehearing.