## In re DUNLAP'S WILL.
## DUNLAP v. DUNLAP.

No. 10829—Opinion Filed Sept. 26, 1922.

(Syllabus.)

### 1. Wills — Execution — Requisites — Signatures of Witnesses.

A substantial compliance with section 8348, Rev. Laws 1910, providing the formal requisites for the execution of a will, including the requirements that the witness must sign at the end of the will, is essential to

the validity of any will, other than a holographic or nuncupative will.

**2. Same — Position of Signatures and Attestation Clause.**

The fact that the attestation clause and signatures of the witnesses to a will were on a separate sheet from the concluding provisions of the will and the testator's signature, does not invalidate the will, where the sheets were originally fastened together in proper order so that the attestation clause was upon the sheet immediately following that containing the end of the will.

**3. Same — Statute.**

Section 8348, Rev. Laws 1910, subd. 4, requiring the attesting witnesses to sign at the end of the will, requires that such signatures shall follow the last clause of the will and the testator's signature in such a manner that it is apparent from an inspection of the will itself that it was the purpose to attest the will at the end thereof.

**4. Wills — Probate — Appeal — Sufficiency of Evidence.**

The judgment of the trial court admitting a will to probate, will not be disturbed by this court, unless such judgment is against the clear weight of the evidence.

**5. Same.**

Record examined, and held, that the judgment of the trial court is not against the clear weight of the evidence.

Error from District Court, Seminole County; J. W. Bolen, Judge.

An appeal by Caroline Dunlap, contestant, from a judgment of the district court affirming an order of the county court admitting the will of James A. Dunlap, deceased, to probate. Affirmed.

C. Guy Cutlip. Thos. J. Horsley, and J. A. Baker. for plaintiff in error.

J. Coody Johnson. D. G. Hart, and J. A. Patterson. for defendant in error.

NICHOLSON, J. This case originated in the county court of Seminole county and involves the will of James A. Dunlap, deceased. Soon after the death of James A. Dunlap, Izella Dunlap, his widow, filed for probate what purported to be his last will and testament. Thereupon Caroline Dunlap, the mother of the deceased, and one of the beneficiaries under the will, filed her protest and contest, praying that said will be not admitted to probate, the grounds thereof being that said purported will was not executed by said James A. Dunlap, but was a forgery; that said will was not witnessed by two subscribing witnesses as required by law. and that James A. Dunlap was of unsound mind, and if said instrument was in

fact executed by him, his signature was procured fraudulently and by overpersuasion and undue influence.

The county court made an order admitting said will to probate, from which an appeal was taken to the district court, where, after a trial de novo, the judgment and order of the county court was affirmed, and the will admitted to probate. From which judgment the contestant has appealed to this court.

The contestant has abandoned the ground that James A. Dunlap was of unsound mind, but urges that the will was a forgery, and that it was not executed and witnessed as required by law. The trial court found that the instrument was executed by James A. Dunlap. and was not a forgery, and a careful examination of the record convinces us that this finding is not against the clear weight of the evidence, and, as this was purely a question of fact, such finding will not be disturbed.

This leaves for consideration the one question of whether or not the will was properly executed, witnessed, and signed. It appears that the will, including the signature of the testator, was entirely written on one sheet of paper and the attestation clause and signatures of the witnesses were on another sheet; that these two sheets were originally fastened together with a clipless fastener. that is, the fastener merely cut from the paper an oblong or tongue-like piece which was by the machine forced through a narrow slit in the paper, thus bringing the two sheets together. At the time of the trial, the two sheets were fastened together with metal staples, but it may be inferred that these staples were inserted after the will was executed.

Section 8348, Rev. Laws 1910, pertaining to the formal requisites of the execution of a will, provides that the will must be subscribed at the end thereof by the testator himself, or some person, in his presence and by his direction, must subscribe his name thereto, and there must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will at the testator's request and in his presence.

A substantial compliance with these requirements, including the requirement that the witnesses must sign at the end of the will. is essential to the validity of the will, and whether there has been a substantial compliance with the requirement as to the place of the signatures of the witnesses, must necessarily be determined upon an inspec-

tion of the paper itself, assuming, as we must, in the absence of evidence to the contrary, that the instrument, when signed by the witnesses, was the same in its terms as when filed for probate.

The will was typewritten on a sheet of paper of ordinary legal-cap size, the signature of the testator appearing immediately under the last line of the written matter in the will, and about two and one-half inches from the bottom of the sheet. There was not sufficient space upon this sheet upon which to write the whole of the attestation clause, hence, this clause was written on a separate sheet and the sheets bound together, as above indicated. The attorney who drew the will identified it as the will written by him for the testator, and testified that he had written it in his office and delivered it to James A. Dunlap, who took it away with him; that in about three days it was returned to him. through the mails signed and witnessed, and that he deposited it either with the county judge or the court clerk.

The only subscribing witness who testified at the trial in the district court identified the will and said that James A. Dunlap signed it and declared to her and the other witness that it was his will and requested them to sign it as witnesses, and this they did in his presence, their signatures appearing at the end of the attestation clause, which followed the last clause of the will and the testator's signature.

There is no statute forbidding the use of separate sheets of paper, or directing how they shall be fastened together, or requiring that the signature of the subscribing witnesses be upon the same sheet as the signature of the testator. If the words of the will itself, with the signature of the testator, had reached to the very bottom of the first sheet of paper, it could not reasonably be claimed that the fact that the attestation clause and signatures following on another page invalidated the will, or in any degree affected the question of the sufficiency of its execution.

We conclude that the mere fact that the attestation clause and signatures of the witnesses are on a sheet or page following that on which the testator affixed his signature is immaterial. The conclusion is supported by In re Moro's Estate (Cal.) 190 Pac. 168. wherein the court, in construing section 1276, Civil Code of California, which is identical with section 8348, Rev. Laws 1910, held:

"The fact that the attestation clause was on a separate sheet from the concluding provisions of the will and the signature of testator, though there was a sufficient blank space on that sheet, does not invalidate the will, where the sheets were fastened together in proper order so that the attestation clause was upon the sheets immediately following that containing the end of the will."

In that case the will was written on three separate sheets of paper, which were fastened together by eyelets at the top, the body of the will ending about three and one-half inches from the top of the second sheet, and the signature of the testator was placed immediately after this on a line left for that purpose. There was no other signature on the page, there being a blank space of about eight and one-half inches below the testator's signature. On the third sheet was written the attestation clause and the signatures of the witnesses. There was sufficient space upon the page bearing the signature of the testator upon which to write the attestation clause and the signatures of the witnesses, but the court held that it was not necessary that such clause be written and the witnesses sign on that sheet, and that the will was executed in substantial compliance with the statute.

Neither is the will invalid because the pages thereof were fastened together with a clipless fastener and became separated and were afterwards bound together with staples. The question is, Was the instrument as executed by the testator the same as that offered for probate? The county court and the district court, on appeal, found that it was, and their findings are not clearly against the weight of the evidence.

The will is not an unnatural one. and the fact that the testator left the bulk of his meager estate to his wife instead of to his mother, is not sufficient to create even a suspicion of fraud or undue influence.

The judgment of the trial court is affirmed.

KANE, JOHNSON. McNEILL, MILLER. and KENNAMER, JJ., concur.