475 P.2d 346 (1970)
Bernice BROCK, Caveatrix, Plaintiff in Error,
v.
Miriam ERICKSON, and Clarence W. Button, Co-executors of the Estate of George O. Erickson, Defendants in Error.
No. 70-343, (Supreme Court No. 23553.)
Colorado Court of Appeals, Div. I.
October 6, 1970.
Bradley, Campbell, Carney & Johnson, Tim L. Campbell, Golden, for plaintiff in error.
Alice Loveland, Denver, for defendants in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiff in error, Brock, filed a caveat objecting to the probate of a will offered by defendants in error who were named as co-executors in the will. The trial court admitted the will to probate. Brock asserts error on the sole ground that the will did not meet the statutory requirements. The asserted error is without merit.
The will consists of three pages and a cover, all stapled together. The provisions of the will cover the first page, and one-half of the second page. The testator's signature is in the middle of the second page, the bottom half of which is blank. The attestation clause and the signatures of the three witnesses are on the third page. The testator's initials appear on page one but not on page three.
Brock claims that because the witnesses' signatures do not appear on the same page as the signature of the testator that the witnesses did not "subscribe" their names to the will and that the will is therefore invalid. The law however is to the contrary. In re Moro's Estate, 183 Cal. 29, 190 P. 168; In re Dunlap's Will, 87 Okl. 95, 209 P. 651. See Annot., 17 A.L.R.3d 705.
*347 In the instant case the attestation clause recited all of the statutory requirements and was properly executed. It was prima facie evidence of the matters therein expressed. Estate of Piercen, 118 Colo. 264, 195 P.2d 725. Additionally, all three witnesses testified as to the proper execution of the will in every essential element. No other witness was offered by either party.
In its findings and order the trial court stated, "[T]his is not the best form and the most desirable form and format of a will." We concur. However this format does not render the will invalid under our statute.
The order admitting the will to probate is affirmed.
COYTE and DUFFORD, JJ., concur.