Martha TUCKER, Appellant,

v.

Lee HILL, Executor of the Estate of Margaret Hatch, Deceased, et al., Appellees.

No. 1845.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 24, 1979.

Rehearing Denied Feb. 14, 1979.

Michael R. McGown, Weller, Wheelus & Green, Beaumont, for appellant.

Charles L. Price, Kennerly & Price, Houston, John L. Hill, Atty. Gen., James R. Riggs, Asst. Atty. Gen., Bonds & Charitable Trusts Div., Austin, for appellees.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment sustaining the validity of a probated will in a suit to have that will set aside.

Margaret Hatch (decedent) died on July 29, 1975. She left a typewritten instrument that gave the appearance of being a self-proved last will and testament. In that instrument, she appointed Lee Hill (Hill) to be the independent executor of her estate. Hill filed an application for probate of the purported will and for issuance of letters testamentary, which application was granted by the probate court. Martha Tucker (appellant), the decedent's principal heir, subsequently filed a petition to have the purported will set aside, alleging that (1) the decedent did not execute the instrument in accordance with the requirements of section 59 of the Texas Probate Code; (2) the

decedent lacked testamentary capacity when she executed the instrument; and (3) the decedent executed the instrument as a result of undue influence exerted on her by Hill and others. Lee Hill, Margaret Miles, the River Oaks Baptist Church of Houston, and Texas Attorney General John L. Hill (appellees) were the proponents of the will in the trial of the case. At the conclusion of that trial, the jury found for the appellees on the issues of testamentary capacity and undue influence. In her appeal from a judgment for the appellees rendered on that verdict, the appellant has assigned one point of error.

The appellant contends, in her sole point, that the trial court erred in admitting the purported will of the decedent to probate because that instrument was not duly executed and witnessed in compliance with the requirements of section 59 of the Texas Probate Code. That section provides:

Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two (2) or more credible witnesses above the age of fourteen (14) years *who shall subscribe their names thereto* in their own handwriting in the presence of the testator. Such a will or testament may, at the time of its execution or at any subsequent date during the lifetime of the testator and the witnesses, be made self-proved, and the testimony of the witnesses in the probate thereof may be made unnecessary, by the affidavits of the testator and the attesting witnesses, made before an officer authorized to take acknowledgments to deeds of conveyance and to administer oaths under the laws of this State . . . .

Tex.Prob.Code Ann. § 59 (Supp.1978) (emphasis added). The instrument admitted to probate in this case consisted of two unnumbered, typewritten pages. The first page disposed of the decedent's assets and concluded:

IN TESTIMONY WHEREOF, my hand is hereto affixed this 22d day of April, A.D. 1965, at Houston, Texas, in the presence of Mary Jo Clark [1] and Dorothy Dianne Babcock, whom I have requested to affix their names hereto as attesting witnesses.

Margaret W. Hatch

The next page contained the following:

The foregoing instrument was now here subscribed, declared, and published by the above-named Testatrix, Margaret W. Hatch, as her last will and testament in the presence of us, who, in her presence and in the presence of each other and at her request, have hereto subscribed our names as witnesses this the 22 day of April, A.D. 1965.

Mary Jo Clark
Witness

Dorothy Dianne Babcock
Witness

The next page concluded with a self-proving affidavit. The signature of the decedent was at the bottom of the first page (within one inch) and the attestation clause started at the top of the following page.

The appellant contends that the first page purported to be the will of the decedent and that it did not satisfy the requirements of section 59 because it did not contain an attestation clause. The appellant points out, in support of her argument that the second page is an instrument wholly independent of the purported will, that the attestation clause on the second page refers to the first page as the "foregoing instrument."

 We reject the appellant's contention that the attestation clause is not a part of the decedent's will because it is not on the same page as the disposition clauses and the decedent's signature. Section 59 of the Texas Probate Code is silent as to where the witnesses must sign a will. It does not require the testator or testatrix and the witnesses to sign on the same page. All

1. The witnesses names were handwritten.

that is necessary is that the witnesses sign the will with the intent to act as witnesses. *Fowler v. Stagner*, 55 Tex. 393 (1881). The intent to act as a witness may be evidenced by the facts and the circumstances surrounding the signing of the will. *Massey v. Allen*, 248 S.W. 1067 (Tex.Com.App.1923, jdgmt. adopted).

The appellant maintains that the first page is the purported will of the decedent. In the last paragraph of that page, the decedent stated that she affixed her signature thereto in the presence of Mary Jo Clark and Dorothy Dianne Babcock, whom she had requested to attach their names thereto as attesting witnesses. The attestation clause on the next page did in fact contain the signatures of those two persons. The clause stated, moreover, that the decedent signed the will in their presence and that they subscribed their names to the attestation clause as witnesses in her presence and at her request. Although appellant claims that the use of the words "foregoing instrument"[2] is some evidence that the attestation clause was not a part of the will, we agree with the statement contained in the brief of the Attorney General that the instrument admitted to probate in this case was "simply a two-page will in which the attestation clause and witnesses' signatures were placed on the second page because there was no more space on the first page of the typewritten instrument." We therefore hold that the trial court did not err in admitting the will to probate. *See also, In re Dunlap's Will*, 87 Okl. 95, 209 P. 651 (1922); *In re Moro's Estate*, 183 Cal. 29, 190 P. 168 (1920).

The appellant cites the following cases in support of her contention: *Boren v. Boren*, 402 S.W.2d 728 (Tex.Sup.1966); *Matter of Estate of McDougal*, 552 S.W.2d 587 (Tex. Civ.App.—Tyler 1977, writ ref'd n. r. e.); *McLeroy v. Douthit*, 535 S.W.2d 771 (Tex. Civ.App.—Fort Worth), *writ ref'd n. r. e. per curiam*, 539 S.W.2d 351 (Tex.Sup.1976);

*In re Estate of Pettengill*, 508 S.W.2d 463 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.); *McGrew v. Bartlett*, 387 S.W.2d 702 (Tex.Civ.App.—Houston 1965, writ ref'd). Those cases held that wills and self-proving affidavits are completely distinct instruments, and that the requirement in section 59 that a *will* be signed by the testator and two or more credible witnesses is not satisfied by the mere presence of their signatures on a *self-proving affidavit*.

The appellant's point of error having been considered and overruled, the judgment of the trial court is hereby affirmed.

Affirmed.

---

2. We note that the attestation clause here is essentially the same as the form or forms widely used in Texas. *See generally, Slayton's Texas Forms*, §§ 5879, 5880, 5931, 5912, 5911, 5922, 5923, 5924; *Texas Transaction Guide— Legal Forms by Kendrick*, §§ 42.20(2), 42.21(2), 42.30(2), 42.31(2).