617 P.2d 765

In the Matter of the ESTATE of Bertha Viola MACKABEN, Deceased.

Alice J. BUSSE, Thomas B. Olson, John Henry Olson and William E. Olson, Petitioners/Appellants,

Elsie Sullivan, personal representative of the Estate of John P. Sullivan, Deceased, Appointed Party/Appellant,

v.

Eugene MACKABEN, Respondent/Appellee.

No. 2 CA–CIV 3586.

Court of Appeals of Arizona, Division 2.

July 8, 1980.

Rehearing Denied Sept. 5, 1980.

Review Denied Sept. 23, 1980.

Nolen L. McLean, Tucson, for petitioners/appellants.

Seefeldt & Neal by Michael Neal, Tucson, for appointed party/appellant.

Scott, McLean & Renneckar by W. C. Scott, Tucson, for respondent/appellee.

OPINION

HATHAWAY, Chief Judge.

This is an appeal from orders refusing to admit to probate the purported self–proved will of Bertha Viola Mackaben, dated October 1, 1975, or to grant proponent a new trial. We affirm.

Bertha Viola Mackaben died on May 16, 1979. John P. Sullivan, named in her will as personal representative, offered the document for probate. Eugene Mackaben, decedent's son, filed a contest, alleging undue influence and lack of testamentary capacity.

The contestant was permitted at trial, over objection, to amend his pleadings to introduce the issue that the will had not been executed in accordance with Arizona law. The trial court found in favor of contestant on the latter issue and ruled accordingly in orders merged in the court's order of December 28, 1979. The proponent's motion for a new trial was denied on January 3, 1980.

The decedent's grandchildren, Alice J. Busse, Thomas B. Olson, John Henry Olson, and William E. Olson, filed a petition to vacate orders denying probate of the will and secured an order to show cause why the relief requested should not be granted. Their petition was heard on January 28, 1980, and was ultimately dismissed by the trial court.

The document in question is entitled:

"LAST WILL AND TESTAMENT OF
BERTHA V. MACKABEN"

It is in writing and bears the signature of the testatrix at the bottom of the first and second pages, at the end of the will, and in the self–proving affidavit. It bears the signatures of two witnesses at the end of the will and in the affidavit. The will is dated October 1, 1975, as is the affidavit, which was signed, sealed and stamped with the notary's expiration stamp. The affidavit is in the form then required by A.R.S. Sec. 14–2504, subsequently amended to specifically provide that a will may be simultaneously executed, attested, and made self–proved. The will does not contain an attestation clause preceding the self–proving affidavit. To better visualize the execution portion of the will, it is set forth here:

"IN WITNESS WHEREOF I have hereunto set my hand this 1 day of October, 1975.

/s/ Bertha V. Mackaben
Bertha V. Mackaben—Testatrix

/s/ William A. Carnes III, Tucson, Arizona

/s/ Marcia L. Young, Tucson, Arizona

"STATE OF ARIZONA )
) ss.
COUNTY OF PIMA )

We, Bertha V. Mackaben, William A. Carnes, and Marcia L. Young, the Testatrix and the witnesses, respectively, whose names are signed to the attached or foregoing instrument, being first duly sworn, do hereby declare to the undersigned authority that the Testatrix signed and executed the instrument as her Last Will and that she had signed willingly or directed another to sign for her, and that she executed it as her free and voluntary act for the purposes therein expressed, and that each of the witnesses, in the presence and hearing of the Testatrix, signed the Will as witness and that to the best of his knowledge the Testatrix was at that time eighteen or more years of age, of sound mind, and under no constraint or undue influence.

/s/ Bertha V. Mackaben
Bertha V. Mackaben—Testatrix

/s/ William A. Carnes III, Tucson, Arizona

/s/ Marcia L. Young, Tucson, Arizona

SUBSCRIBED AND SWORN to before me this 1 day of October, 1975.

/s/ Denise Boas
Notary Public

My commission expires:

My Commission Expires Mar. 3, 1977"

Over objection by proponent, the notary and witnesses to the will testified as to details surrounding the signing of the will. Each identified his or her signature and initials on the will. Neither witness remembered signing the will and the notary had no recollection of Mrs. Mackaben coming in, except that the notary did remember taking the will to the witnesses to initial and for signature. Apparently after the testatrix had either signed the will or acknowledged her signature, the notary notarized it and then took it to the adjacent desks of the witnesses to have them initial and sign as witnesses to the will.

The trial court found that the instrument was not entitled to probate for the reason that:

"... [T]he Proponent, John P. Sullivan, has failed to sustain his burden of proof that the instrument was '... signed by at least two persons each of whom witnessed either the signin [sic] of [sic] the Testator's acknowledgement of the signature or of the Will, ...'"

The formalities required in the execution of wills are set forth in A.R.S. Sec. 14–2502, which provides:

"Except as provided for holographic wills, writings within Sec. 14–2513 and wills within Sec. 14–2506, every will shall be in writing signed by the testator or in the testator's name by some other person in the testator's presence and by his direction, and shall be signed by at least two persons each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will."

*See Estate of Brashear*, 54 Ariz. 430, 96 P.2d 747 (1939).

Appellants first argue on appeal that proponent sustained his burden of proof as a matter of law when he filed the self–proved will with acknowledgments and affidavits appurtenant. It is their position that the signature requirements for execution are conclusively presumed under A.R.S. Sec. 14–3406, which provides in part:

"Formal testacy proceedings; contested cases; testimony of attesting witnesses

\* \* \* \* \* \*

B. If the will is self–proved, compliance with signature requirements for execution is conclusively presumed and other requirements of execution are presumed subject to rebuttal without the testimony of any witness upon filing the will and the acknowledgment and affidavits annexed or attached thereto, unless there is proof of fraud or forgery affecting the acknowledgment or affidavit."

We agree with appellants' premise that a self–proved will may not be contested in regard to signature requirements. The difficulty with appellant's position is that the offered document does not meet the self–proved requirements. All authority that has come to our attention on the subject requires that the formal requisites for execution of the will, A.R.S. Sec. 14–2502, supra, appear either preceding the self–proving affidavit or as supplemented in the affidavit. Cases taking the former view are, *Matter of Estate of Sample,* 572 P.2d 1232 (Mont.1977); *Matter of Estate of McDougal,* 552 S.W.2d 587 (Tex.Civ.App. 1977); *Boren v. Boren,* 402 S.W.2d 728 (Tex. 1966), and *McGrew v. Bartlett,* 387 S.W.2d 702 (Tex.Civ.App.1965). Taking a more liberal approach allowing proof of attestation to be supplemented in the affidavit is *In re Estate of Charry,* 359 So.2d 544 (Fla.App. 1978).

The comment to Sec. 2–502 of the Uniform Probate Code provides:

"The formalities for execution of a witnessed will have been reduced to a minimum. Execution under this section normally would be accomplished by signature of the testator and of two witnesses; each of the persons signing as witnesses must 'witness' any of the following: the signing of the will by the testator, an acknowledgment by the testator that the signature is his, or an acknowledgment by the testator that the document is his will. . . ."

The execution of the will in the instant case does not contain an attestation clause disclosing that the formality of A.R.S. Sec. 14–2502 was met. Nor does the self–proving affidavit disclose that the statutory formality was met in that it does not state that the testatrix signed or acknowledged her signature or the will in the presence of the witnesses. The attempt to self–prove the will was therefore deficient. Testimony from the witnesses did not reveal statutory compliance and the trial court properly refused admission of the document to probate.

Affirmed.

HOWARD and RICHMOND, JJ., concur.