[No. 21668–6–I.   Division One.   May 22, 1989.]

*In the Matter of the Estate of*
RODNEY K. RICKETTS.

ALICE RICKETTS ERICKSON, *Appellant,* v. ALVERNA RICKETTS
FRITTS, *Respondent.*

*Margaret A. Milnes* and *Skeel, Henke, Evenson & Roberts,* for appellant.

*David L. Day,* for respondent.

FORREST, J.—Rodney Ricketts died testate on March 8, 1987, in Skagit County. He executed a will on March 28, 1984, and a codicil to the will on September 3, 1985. Only his signature appears on the codicil itself. An "Affidavit of Subscribing Witnesses to the Codicil", also dated September 3, 1985, was stapled atop the codicil. The affidavit was signed by two witnesses and notarized by respondent's counsel. The codicil was produced by Alverna Ricketts

Fritts, the respondent, in whose favor it alters the distributive scheme of the will. The Skagit County Commissioner admitted the codicil to probate on December 21, 1987. Appellant's motion to revise the Commissioner's order was denied by the trial court. This appeal followed. We reverse and remand.

The formalities for the execution of a will are contained in RCW 11.12.020 which reads, in pertinent part:

> Every will shall be in writing signed by the testator or by some other person under his direction in his presence, and shall be attested by two or more competent witnesses, subscribing their names to the will in the presence of the testator by his direction or request . . .

A codicil is to be executed in the same manner as a will. RCW 11.02.005(9). It is undisputed that the codicil was not executed in conformity with the statute. Indeed, the trial court stated in finding of fact 4 that "no person actually subscribed their name to the codicil as a witness to the codicil."

Respondent contends that meeting the requirements of RCW 11.20.020(2), which permits witnesses to make an affidavit to prove a will, also satisfies the requirements for proper execution of a will. We disagree. RCW 11.20.020(2) reads:

> In addition to the foregoing procedure for the proof of wills, any or all of the attesting witnesses to a will may, at the request of the testator or, after his decease, at the request of the executor or any person interested under it, make an affidavit before any person authorized to administer oaths, stating such facts as they would be required to testify to in court to prove such will, which affidavit may be written on the will or may be attached to the will or to a photographic copy of the will. The sworn statement of any witness so taken shall be accepted by the court as if it had been taken before the court.

The statute, by its explicit terms, provides that an affidavit by a witness, "stating such facts as they would be required to testify to in court to prove such will", may be

substituted for oral testimony. The statute allows the affidavit to be made separately or jointly by the witnesses, at the time of execution or later; indeed, the affidavit may be executed after the death of the testator. Nothing in the statute even suggests, much less provides, that the requirements for valid execution of a will or codicil are altered.

The respondent contends that since RCW 11.12.020 does not specifically require the witnesses' signatures to appear on the same page as the signature of the testator, their signature on the affidavit is sufficient for proper execution. No Washington case so holds. We are referred to Annot., *Wills: Place of Signature of Attesting Witness,* 17 A.L.R.3d 705 (1968), in which a number of cases are cited which approve probate of wills despite irregularities in the placement of witnesses' signatures. The cases, however, turn in large measure on particular statutory provisions and the specific factual circumstances in each case. *See Dillow v. Campbell,* 453 P.2d 710 (Okla. 1969); *In re Estate of Cutsinger,* 445 P.2d 778 (Okla. 1968); *Brock v. Erickson,* 28 Colo. App. 555, 475 P.2d 346 (1970); *In re Estate of Moro,* 183 Cal. 29, 190 P. 168 (1920). Certainly no line of persuasive authority approving a document such as that before us appears.

The facts of *In re Will of Dunlap,* 87 Okla. 95, 209 P. 651 (1922), strongly relied on by respondent, are typical of the cases probating a will or codicil which does not precisely adhere to the requirements for execution. The will and attestation clause were in normal form. The testator, however, signed near the bottom of the first page where there was insufficient room to add the attestation clause and signatures of witnesses. They were placed on the following page. A subscribing witness testified that she and the other witness attested the testator's execution of the will. *Will of Dunlap,* 209 P. at 652. The will was admitted to probate.

In the instant case, the page attached to the codicil was not an attestation clause, but a standard affidavit of subscribing witnesses. It falsely recites "I then and there, in

the presence of the said Testator subscribed my name as a witness to the said instrument." That language specifically negates the suggestion that the witnesses believed they were attesting and subscribing to the execution of the codicil by signing the affidavit. Finally, neither of the witnesses testified that he attested to the testator's proper execution of the codicil. Although the affidavit of subscribing witnesses bears the same date as the codicil, there is nothing in the record establishing that the two documents were executed simultaneously. Clearly, the record in *Dunlap* shows much more substantial compliance with the requirements for execution than here present. Accordingly, we do not find it persuasive.

We do find persuasive the reasoning of the Texas court in *Boren v. Boren*, 402 S.W.2d 728 (Tex. 1966). In that case a document in testamentary form was signed only by the decedent. Attached was an affidavit of subscribing witnesses which the decedent had also signed (thus providing a stronger basis for probate than in this case). The court denied probate to the document, stating:

> The self–proving provisions attached to the will are not a part of the will but concern the matter of its proof only. The only purpose served by such self–proving provisions is to admit a will to probate without the testimony of a subscribing witness. . . . It was not the purpose of the Legislature [upon enacting the statute permitting self–proving wills] to amend or repeal the requirement that the will itself must meet the requirements of the law. . . . The execution of a valid will is a condition precedent to the usefulness of the self–proving provisions of Section 59.

*Boren*, at 729. *Boren* is followed in *Hopkins v. Hopkins*, 708 S.W.2d 31 (Tex. Ct. App. 1986); *accord, In re Estate of Sample*, 175 Mont. 93, 572 P.2d 1232 (1977).

The distinction between RCW 11.12.020 and RCW 11.20.020(2) is clear: the former explains how to validly execute a will, and the latter explains how to prove it for probate. As *In re Estate of Chambers*, 187 Wash. 417, 425, 60 P.2d 41 (1936) states:

Our statute governing the execution of wills has reduced the formalities in connection therewith to a minimum. The statute does not require publication of the document by the testator as his will, or by its direct terms that the testator sign the will in the presence of the witnesses, or that the witnesses sign in the presence of each other. It does, however, require that the witnesses subscribe their names in the presence of the testator and at his direction or request.

These minimum statutory formalities must be met.

There being no disputed facts, it becomes a matter of law as to whether the instrument should be admitted to probate as a codicil. The order admitting the codicil is reversed. The case is remanded for administration pursuant to the previously admitted will of March 28, 1984.

PEKELIS and WINSOR, JJ., concur.