802 P.2d 443

**In the Matter of the ESTATE of Frank R. McKAY, Deceased.**

**Lloyd T. SPELLMAN, Respondent/Appellee,**

v.

**Genevie KELLEY, Petitioner/Appellant.**

**No. 2 CA–CV 90–0080.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 6, 1990.

Ethan Steele, Tucson, for petitioner/appellant.

John Price, Tucson, for respondent/appellee.

OPINION

HATHAWAY, Judge.

This is an appeal from the trial court's order admitting a document to probate as the Last Will and Testament of Frank R. McKay, dated December 8, 1987. We have jurisdiction pursuant to A.R.S. § 12–2101(J). We affirm.

The sole issue on appeal concerns the execution of the will. The issue is whether a will which is validly self-proved pursuant to A.R.S. § 14–2504 also satisfies the execution requirements of A.R.S. § 14–2502. The document is type-written and consists of pages numbered one to four. Page four satisfies the requirements of the self-proved will statute, A.R.S. § 14–2504, by proper attestations and signatures of the testator, two witnesses and the notary. Page three contains similar attestation clauses and the signatures of the same two witnesses on lines prepared for that purpose, but no signature of the testator. No line for the testator's signature appears on page three.

Appellant claims that the will is defective because it was never properly executed by the testator's signature as required by A.R.S. § 14–2502, which provides:

Except as provided for holographic wills, writings within § 14–2513 and wills within § 14–2506, every will shall be in writing signed by the testator or in the testator's name by some other person in the testator's presence and by his direction, and shall be signed by at least two persons each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will.

Although the testator's signature does not appear on page three, we find that the testator's signature on page four suffices. A.R.S. § 14–2504(A) provides, in part:

A. Any will may be simultaneously executed, attested, and made self-proved, by the acknowledgment thereof by the tes-

tator and the affidavits of the witnesses, each made before an officer authorized to administer oaths under the laws of the state where execution occurs and evidenced by the officer's certificate, under official seal, in form and content substantially as follows:

I, the testator, sign my name to this instrument this .. day of .., 19.., and being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument as my last will and that I sign it willingly (or willingly direct another to sign for me), that I execute it as my free and voluntary act for the purposes therein expressed, and that I am eighteen years of age or older, of sound mind, and under no constraint or undue influence.

. . . . . . . . . . .

 Testator

We, .., .., the witnesses, sign our names to this instrument, being first duly sworn, and do hereby declare to the undersigned authority that the testator signs and executes this instrument as his last will and that he signs it willingly (or willingly directs another to sign for him), and that each of us, in the presence and hearing of the testator, hereby signs this will as witness to the testator's signing, and that to the best of our knowledge the testator is eighteen years of age or older, of sound mind, and under no constraint or undue influence.

. . . . . . . . . .

 Witness

. . . . . . . . . .

 Witness

The State of .....
County of ......

Subscribed, sworn to and acknowledged before me by ....., the testator and subscribed and sworn to before me by .., and .., witnesses, this .. day of ...
(SEAL)

 (Signed) ......

. . . . . . . . . .

 (Official capacity of
 officer)

The formalities required by A.R.S. § 14–2504(A) are satisfied by page four of the McKay document. It is significant that they state the testator's acknowledgment that it is his will and that he signs it voluntarily and with capacity. Even more crucial, A.R.S. § 14–2504(A) states the legislature's intention that this form constitute simultaneously the execution, attestation and self-proved components of a will. The execution and attestation requirements are identical to those of A.R.S. § 14–2502, and thus satisfaction of A.R.S. § 14–2504 at the same time fulfills A.R.S. § 14–2502.

■ Furthermore, in Arizona, a self-proving statement, properly signed, creates a conclusive presumption of proper signature when a will is submitted to probate. A.R.S. § 14–3406(B) provides:

B. If the will is self-proved, compliance with signature requirements for execution is conclusively presumed and other requirements of execution are presumed subject to rebuttal without the testimony of any witness upon filing the will and the acknowledgment and affidavits annexed or attached thereto, unless there is proof of fraud or forgery affecting the acknowledgment or affidavit.

The only valid objection to admission to probate, according to this statute, would be fraud or forgery, neither of which is alleged here.

Appellant asserts that the will itself consist. only of pages one through three and that page four is a separate document, the self-proving affidavit, and thus the will itself is defective because the testator's signature is lacking. She further argues that execution of a valid will is a condition precedent to use of the self-proving affidavit.

The "separate documents" argument has not been an issue in Arizona because of A.R.S. § 14–2504 and § 14–3406. As we stated in *Matter of Estate of Mackaben*, 126 Ariz. 599, 601, 617 P.2d 765, 767 (App. 1980), "We agree with appellant's premise that a self-proved will may not be contested in regard to signature requirements." See also *Matter of Estate of Muder*, 159 Ariz. 173, 174–75, 765 P.2d 997, 998–99 (1988) (will valid neither under A.R.S. § 14–2502

nor § 14–2504). Appellant cites authority in other jurisdictions, such as Texas, which has a long-standing policy of not accepting signatures from a self-proving statement as a valid execution of the will. *Boren v. Boren*, 402 S.W.2d 728 (Tex.1966); *McGrew v. Bartlett*, 387 S.W.2d 702 (Tex. Civ.App.1965). Washington has recently followed the Texas lead. *In re Estate of Ricketts*, 54 Wash.App. 221, 773 P.2d 93 (1989). Neither jurisdiction has statutes similar to A.R.S. § 14–2504 and § 14–3406; however, on the other hand, numerous jurisdictions read the self-proving affidavit as a part of the will when necessary to carry out the clearly expressed intention of the testator. *Matter of Will of Carter*, 565 A.2d 933 (Del.Super.1989) (doctrine of integration used to establish that self-proved affidavit, properly signed, satisfies execution requirements of will); *In re Charry's Estate*, 359 So.2d 544 (Fla.App.1978) (Texas view rejected for placing form above substance; self-proved affidavits not an essential part of a will but when incorporated are not improper parts of it); *Matter of Will of Ranney*, 240 N.J.Super. 337, 573 A.2d 467 (1990) (self-proving affidavit contained at end of will treated as part of the will itself, in determining whether purported will complied with statutorily required manner of execution of will). See also *Matter of Petty's Estate*, 227 Kan. 697, 608 P.2d 987 (1980); *In re Cutsinger's Estate*, 445 P.2d 778 (Okla.1968).

Appellant argues that A.R.S. § 14–3406, when read as a whole, applies only to the question whether witnesses to a will must appear in probate court to verify their signatures on the will. Thus, it is contended, the self-proving affidavit is only an evidentiary document and not testamentary in character, allowing the will to be probated without calling in the witnesses. We find this argument without merit because of the clear mandate of § 14–2504.

■ Appellant further contends that § 14–2504(A) is ambiguous because the word "simultaneous" can mean either "at the same instant" or "on the same occasion," and if it means the latter, the legislature would have intended the "separate documents" theory with the self-proving affidavit as an appendix to the will. We find this reasoning tortuous at best, and reject it for the plain meaning of "simultaneous," which is "at the same time." Websters Third New International Dictionary p. 2122 (1971). In this case, a single act, signing the self-proving affidavit in conformance with § 14–2504, satisfies the execution and attestation requirements of the will and makes it self-proved.

Appellee has requested attorney's fees at the trial level and on appeal pursuant to Ariz.R.Civ.App.P. 25, 17B A.R.S., alleging a frivolous appeal requiring sanctions. While we have rejected appellant's position, we do not find it frivolous. The request for attorney's fees is denied.

Affirmed.

LIVERMORE and LACAGNINA, JJ., concur.