IN THE MATTER OF THE ESTATE OF ARTHUR L. SAMPLE ET AL., DECEASED.

No. 13990.
Submitted Dec. 5, 1977.
Decided Dec. 22, 1977.
572 P.2d 1232.

Meisburger & Burlingame, Forsyth, for appellant.

Garry P. Bunke, Forsyth, for respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

This is an appeal from an order of the District Court, Rosebud County, refusing to admit a will to probate.

Linda Hubbard, daughter and personal representative, filed a formal petition for probate of a will, determination of testacy and heirs, and for appointment as personal representative of the estate of her father Arthur L. Sample, deceased. During the hearing on the petition the court, upon request of counsel, assumed the role of temporary guardian of Calvin L. Sample, an alleged incapacitated person. Thereafter Garry P. Bunke, an attorney, was appointed by the court as temporary guardian for Calvin Sample for the purposes of this appeal.

Following the hearing the court signed an order naming Linda Hubbard as personal representative, listed the heirs of the decedent, granted the application for formal probate and reserved decision on the admission of the purported will to probate. Thereafter, on August 3, 1977, the court denied the admission of the will to probate and this appeal followed.

The will provides the estate of decedent shall pass to three of his children, Linda Hubbard, Mark Sample and Curtis Sample and disinherits Calvin Sample, a son, who resides at the Boulder River School and Hospital.

On April 28, 1976, Arthur L. Sample signed a document which he believed to be his will. On the same date, Arthur L. Sample and two other individuals signed a self-proving affidavit, nearly identical to the form contained in section 91A-2-504, R.C.M.1947, which affidavit was included as page three of the will.

The will was filed with the clerk of court of Rosebud County. The clerk retained custody of the document until released to Linda Hubbard, who then filed the will, together with her petition, with the District Court.

The issue in this case involves the execution of the will of Arthur L. Sample. The District Court determined that the testator's signature on page two of the will was authentic. The last paragraph of page two of the will reads:

"IN WITNESS WHEREOF, I Arthur L. Sample, have subscribed my name to this, My Last Will and Testament, this 28th day of April, 1976.

(signature) "Arthur L. Sample<br>Arthur L. Sample."

The third page of the will is a statement under oath of Arthur L. Sample, John S. Forsythe and Susan C. Brown, nearly identical to the wording of the self-proved affidavit in section 91A-2-504, R.C.M.1947.

The issue here is narrowed to a determination of whether this self-proved affidavit contained on page three of the will, satisfies the requirements of section 91A-2-502, R.C.M.1947.

Two sections of the Uniform Probate Code control the decision in this case, sections 91A-2-502 and 91A-2-504, R.C.M.1947.

Section 91A-2-502 provides:

"Execution. Except as provided for holographic wills, writings within section 91A-2-513, and wills within section 91A-2-506, every will shall be in writing signed by the testator or in the testator's name by some other person in the testator's presence and by his direction, and shall be signed by at least two (2) persons, each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will."

The will here involved was not a holographic will as the material provisions were not in the handwriting of decedent, section 91A-2-503, R.C.M.1947. Appellant Linda Hubbard does not suggest this writing falls into the purview of sections 91A-2-513 or 91A-2-506. There is no question that decedent signed his name to the writing. Most of the requirements of the statute concerning execution of a will have been complied with in this case. However, probably the most important requirement was not fulfilled. There was no showing that the writing was "signed by at least two (2) persons, each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will."

Appellant contends that by adding the self-proved affidavit any

defects in the execution were cured. Section 91A-2-504, the statute providing for self-proved wills, states in pertinent part:

"Self-proved Will. An *attested will* may at the time of its execution or at any subsequent date be made self-proved, by the acknowlment thereof by the testator and the affidavits of the witnesses * * *." (Emphasis added.)

Respondent contends that section 91A-2-504 requires a validly executed will that has been attested to by two witnesses before such a will can be made self-proved. As the facts show, the writing offered by appellant as the last will of the deceased does not fulfill the requirement of attestation.

█ The comments to section 91A-2-504 indicate the purpose of the self-proved provision of the statute is merely to expedite formal testacy proceedings. Respondent submits the purpose of section 91A-2-504 is not to cure defectively executed wills, rather the purpose is to streamline the probate process by not requiring the testimony of subscribing witnesses to a will in order to admit the will to probate.

Texas has held that a will was invalid even where the names of the testator and two witnesses were subscribed to an attached affidavit. *Boren v. Boren*, (Tex.1966), 402 S.W.2d 728. See also: *McGrew v. Bartlett*, (Tex.Civ.App.1965), 387 S.W.2d 702. In *Boren*, the Texas Supreme Court found that the only prupose served by the "self-proving" provisions under Texas law was to admit a will to probate without the necessity of providing testimony from subscribing witnesses to a will at the time the will is offered for probate. The court further held the "self-proving affidavit" attached to the will is not a part of the will but concerns the matter of its proof only.

Appellant relies on Oklahoma authority and urges Montana to follow the rule laid down in *In re Cutsinger*, (Okl.1968), 445 P.2d 778, 781, 782. In *Cutsinger* the Oklahoma Supreme Court found that a will which contained an affidavit entitled "Attestation", was more than attached to the will, it was on the same page of paper as the last "Article" of the will and was therefore incorporated into

the will. Further, the court found the affidavit in question fulfilled all of the requirements of an attestation clause and the requirements of the statute were met. The Oklahoma Supreme Court held that the Texas cases, *Boren v. Boren, supra,* and *McGrew v. Bartlett, supra,* were distinguishable from the facts in *Cutsinger.* The distinguishing factor between the Oklahoma case and the Texas cases is that the affidavit was referred to in the body of the will in *Cutsinger,* while in *McGrew* and *Boren* the affidavit seeking to make the writings self-proved was attached to the writing and therefore was a separate document. In addition, in *Cutsinger* the court in arriving at a result contrary to the Texas decisions based its decision on prior decisions of that court as to the necessity of an attestation clause in Oklahoma.

The rule in Montana has always been to the contrary, i. e. a will must be witnessed, unless it is a holographic will, to be admitted to probate.

We are aware of the intent of the drafters of the Uniform Probate Code, as set forth in the comment to section 91A-2-502, which notes:

"The formalities for execution of a witnessed will have been reduced to a minimum. * * * The intent is to validate wills which meet the minimal formalities of the statute."

However, in reviewing the law of the matter and the facts in the instant cause, we find the rule as set forth by the Texas court in *Boren* and *McGrew* — the execution of a valid will is a condition precedent to the use of the self-proving affidavit to admit a will to probate without the testimony of a subscribing witness — to be more persuasive and we adopt it as controlling here.

Judgment is affirmed.

MR. CHIEF JUSTICE HATFIELD and JUSTICES DALY and HASWELL concur.