359 So.2d 544 (1978)
In re ESTATE OF Samuel B. CHARRY, Deceased.
No. 77-713.
District Court of Appeal of Florida, Fourth District.
May 31, 1978.
Rehearing Denied June 26, 1978.
Evan J. Langbein of Dubbin, Schiff, Berkman & Dubbin, Miami, for appellant.
Howard L. Kuker of Trager & Schwartz, Miami Beach, for appellee.
COWART, Jr., JOE A., Associate Judge.
This is an appeal from an order denying a petition to revoke a codicil.
The testator signed at the end of the codicil. Immediately following his signature and on the same piece of paper was a fully executed "officer's certificate" or self-proof affidavit in the exact form set forth in Section 732.503, F.S., 1975. There was no separate attestation clause and the two witnesses signed the self-proof affidavit along with the testator.
The appellant urges that the self-proof statute contemplates that a will first be properly signed by the testator and witnesses and that it may then be made self-proving by the addition of a self-proof affidavit. We agree that is the proper method of execution but, nevertheless, affirm the order of the trial court.
Appellant cites many Texas cases[1] that hold that the self-proof affidavit relates *545 to proof only and is not part of the will whether on the same instrument or attached as a separate document, and, therefore, the signatures of testator and witness on the affidavit are not on the will. In the case of In re Schiele's Estate, 51 So.2d 287 (Fla. 1951), the testator did not sign the form will on the line provided but signed in the attestation clause. While recognizing that the attestation clause was not a part of the will the court declined to hold the will invalid remanding it for a factual determination of whether the testator signed with testamentary intent. The better view is that attestation clauses and self-proof affidavits are not necessary or essential parts of a will but when incorporated into a will they are not improper parts of it. The Texas view places form above substance and we decline to follow it.
The appellant here argues that the phrase "attesting witness" includes not only the physical act of observing the testator sign his will and of the witness himself signing but requires the witness to have the mental intent to sign as a witness and that here the witnesses signed not as witnesses but for testimonial purposes only in order to avoid the legal necessity of later presenting evidence in court to prove the codicil. In the case of In re Lomineck's Estate, 155 So.2d 561 (Fla. 1st DCA 1963), the person who performed the act of signing an incapacitated testatrix' name to the will added his own name with the prefix "per". It was argued that that person signed only as the agent of the testatrix and not as a subscribing witness but the court held that he was an attesting and signing witness. Section 732.502, F.S., 1975, requires the testator to sign his will at the end in the presence of at least two attesting witnesses who must sign in the presence of each other and in the presence of the testator. The testator must sign with testamentary intent and at the end of the will. Each witness must see the testator sign and each witness must sign in the presence of the testator and of the other witness. There is no requirement that the witnesses sign at any particular place or with any particular mental intent. To require that a witness have any specific mental intent when he subscribes a will would make the validity of every will subject to the testimony of any witness that he did not have the requisite particular intent when he signed. We decline to add this dangerous concept to the requirements of the statute.
AFFIRMED.
DAUKSCH and MOORE, JJ., concur.
NOTES
[1] McGrew v. Bartlett, 387 S.W.2d 702 (Tex. Civ.App. 1965); Boren v. Boren, 402 S.W.2d 728 (Tex.Sup. 1966); Cooper v. Liverman, 406 S.W.2d 927 (Tex.Civ.App. 1966); In re Estate of Pettengill, 508 S.W.2d 463 (Tex.Civ.App. 1974); Cherry v. Reed, 512 S.W.2d 705 (Tex.Civ.App. 1974); McLeroy v. Douthit, 535 S.W.2d 771 (Tex.Civ.App. 1976), affirmed 539 S.W.2d 351 (Tex.Sup. 1976).