Dorothy D. JONES, Appellant,

v.

Ronald Lee JONES, Appellee.

No. 20292.

Court of Civil Appeals of Texas, Dallas.

May 20, 1980.

Rehearing Denied June 17, 1980.

F. T. Gauen, Jr., Dallas, for appellant.

James L. Poland, Dallas, for appellee.

Before ROBERTSON, CARVER and STOREY, JJ.

CARVER, Justice.

Dorothy D. Jones sought to probate a will of her deceased husband. Her stepson contested probate on the ground that the instrument offered as a will was not properly witnessed. The probate court denied probate. We affirm because the required signatures of the witnesses to the will cannot be supplied from the "self-proving" affidavit.

The instrument offered for probate had all the legal characteristics required of a will save the signatures of attesting witnesses. *See* Tex.Prob.Code Ann. § 59 (Vernon Supp.1980). The instrument, in pertinent part, provides as follows:

This I make and publish as my last Will hereunto signing and subscribing my name this 21ᶜᵗ day of April, 1977, in the presence of the undersigned witnesses who attest the same at my request.

TESTATOR [signature: Ralph Glenn Jones]

THE STATE OF TEXAS ✫

COUNTY OF DALLAS ✫

BEFORE ME, the undersigned authority, on this day personally appeared Ralph Glenn Jones, _____ and _____ known to me to be the testator and Witnesses, respectively, whose name are subscribed to the annexed and persona being by me duly sworn, in the said Ralph Glenn Jones, Testator in this will, presence, the said

LAST WILL AND TESTAMENT OF RALPH GLENN JONES–PAGE ONE

Testator declared to me and to the said witnesses in my presence that said instrument is his last Will and Testament, and that he had willingly made it and executed it as his free act and deed for the purpose herein expressed; and the said witnesses, each on his oath stated to me, in the presence and hearing of said Testator, that the said Testator had declared to them that such instrument is his last Will and Testament, and that he executed same as such and wanted each of them to sign it as a witness; and upon their oath each witness stated further that they did sign the same as witnesses in the presence of said Testator and at his request; that he was at the time over the age of 21 and was of sound mind; that each of the said witnesses were over the age of 14.

[signature]
RALPH GLENN JONES

[signature]
WITNESS

[signature]
WINTESS

SUBSCRIBED· AND ACKNOWLEDGED BEFORE ME by the said Ralph Glenn Jones, Testator, and subscribed and sworn to before me by the said witnesses this _____ day of _____, 1977.

NOTARY PUBLIC in and for
Dallas County, Texas

There are no attesting witnesses to the will and to the testator's signature, unless the affidavit may be deemed to provide such omission.

In *Boren v. Boren*, 402 S.W.2d 728 (Tex. 1966) our supreme court held:

The self-proving provisions attached to the will are not a part of the will but concern the matter of its proof only. The only purpose served by such self-proving provisions is to admit a will to probate without the testimony of a subscribing witness. The provision was introduced into the Texas Probate Code in 1955 as an alternative mode of proving a will. It was not the purpose of the Legislature to amend or repeal the requirement that the will itself must meet the requirements of the law. Section 59 expressly states that a self-proved will, except for the manner of proof, shall be treated no differently than a will which is not self-proved. The execution of a valid will is a condition precedent to the usefulness of the self-proving provisions of Section 59. This Court approved the judgment and opinion in *McGrew v. Bartlett*, 387 S.W.2d 702 (Tex.Civ.App.1965, writ ref.), that a will was a nullity because the signatures of the testator and the witnesses appeared on the self-proving provisions, but not on the will itself.

A testamentary document to be self-proved, must first be a will. Many reasons support that rule as the true legislative purpose. In this case, the self-proving affidavit states that the witnesses' "names are subscribed to the annexed or foregoing instrument ..." and that "each witness stated further that they did sign the same as witnesses...." In fact, the names of the witnesses are not so subscribed to the will. The affidavits identify as the will a document which is inconsistent with the one offered. [Citations omitted.]

402 S.W.2d at 729.

Appellant concedes the force of *Boren* but urges that, inasmuch as the witnesses each signed twice, we should consider the first set of signatures as a part of the will and the second set as a part of the self-proving affidavit. We must reject this ingenious approach because both sets of signatures are, inescapably, part and parcel of the self-proving affidavit and neither set are affixed to the "will" as required by *Boren* or by § 59 of the Texas Probate Code.

We are not furnished a statement of facts, but we do have the trial court's findings of fact from which we gather that the trial court was satisfied that the testator and the "witnesses" innocently completed the typed instrument and filled all the blanks therein in the belief that they had accomplished the making of a lawful will. Despite their efforts, the trial court and this court are compelled to obey § 59 as construed by our supreme court. Consequently, we hold that the instrument offered is not entitled to probate.

Affirmed.