SHRINERS HOSPITALS FOR CRIP-
PLED CHILDREN, Appellant,

v.

ST. JUDE CHILDREN'S RESEARCH
HOSPITAL, INC., et al., Appellees.

No. 20749.

Court of Appeals of Texas,
Dallas.

June 5, 1981.

Rehearing Denied July 1, 1981.

William M. Schur, Wynn, Brown, Mack, Renfro & Thompson, Fort Worth, for appellant.

Rockney D. Pletcher, Kathleen S. Cleaveland, Shank, Irwin, Conant, Williamson & Grevelle, Joe Hill Jones, Carter, Jones, Magee, Rudberg, Moss & Mayes, John C. Biggers, Biggers, Beasley, Amerine & Earle, Dallas, for appellees.

Before AKIN, ROBERTSON and STOREY, JJ.

ROBERTSON, Justice.

Appellant Shriners Hospitals for Crippled Children sought to probate a typewritten will executed by J. V. Braswell in May of 1979. Appellees contested probate on the ground that the instrument offered as a will was not properly witnessed. Appellees sought to probate a holographic will executed by J. V. Braswell in September of 1978. Appellant contested probate of the holographic will. The probate court denied probate of the typewritten will of May 1979 but admitted into probate the holographic will of September 1978. We affirm because the required signatures of the witnesses to the May 1979 will cannot be supplied from the self-proving affidavit and, absent the May 1979 will, appellant has no standing to contest probate of the September 1978 will.

The May 1979 will lacks the signatures of attesting witnesses required by section 59 of the Probate Code. Appellant contends, however, that the self-proving affidavit of the will is signed by two witnesses and therefore, the requisites of the law regarding witnesses to a will are satisfied. We do not agree.

In *Boren v. Boren*, 402 S.W.2d 728 (Tex. 1966), our supreme court held the self-proving provisions attached to the document could not be treated as part of the document for the purpose of supplying the necessary witnesses. Appellant attempts to distinguish *Boren* from the present case because in *Boren* the self-proving affidavit was *attached* to the document and in the present case the self-proving affidavit is *annexed* to the document. We fail to see the distinction.

The word *annex* is derived in part from the French *annexer*. *Annexer* was commonly used in legal language to mean to add as an additional part to existing possessions, and probably contributed to the same formal use in English. I OXFORD ENGLISH DICTIONARY 85 (13th Compact ed. 1976). BLACK'S LAW DICTIONARY (5th Ed. 1979) indicates that *annex* is derived from the Latin *annectere*, meaning to tie or bind to. *Annexation* is the act of attaching,

adding, joining, or uniting one thing to another; such as attaching an auxiliary document to another document. BLACK'S LAW DICTIONARY 81 (5th ed. 1979). We cannot agree that the use of the word *annexed* distinguishes this case from *Boren*.

In the light of these definitions, we hold the rule established by the supreme court in *Boren* controls this case and that the trial court properly denied probate of the May 1979 document. Since appellant's application to probate the May 1979 document is denied, we disregard its contest of the application of appellees to probate the September 1978 will because the only interest appellant has in the estate of testator is derived from the will it seeks to probate, and only persons interested in an estate can contest the probate of a will. Tex.Probate Code Ann. § 10 (Vernon 1980); *Aven v. Green*, 159 Tex. 361, 320 S.W.2d 660 (1959).

*Affirmed.*