Marian W. FLEMING, Appellant,

v.

Joan Hohlt WICH, et al., Appellee.

No. B2974.

Court of Appeals of Texas,
Houston (14th Dist.).

March 25, 1982.

Rehearing Denied May 6, 1982.

William Pannill, Ann Ryan Robertson, Reynolds, Allen, Cook, Pannill & Hooper, Houston, for appellant.

Fred M. Lange, Fulbright & Jaworski, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

This is an appeal from a summary judgment of the county court of Burleson County denying probate of the purported last will and testament of Dr. Mabel Giddings Wilkin. We reverse and order the will admitted to probate.

Mabel Giddings Wilkin, a single woman with no children who was a physician practicing psychiatry during her professional career, was 83 years of age at the time of her death on April 22, 1980. Over the twenty years preceding her death, she had written a series of some five wills, all of which, except the first, were with the assistance of the same attorney, Mr. Betts. Just prior to December 22, 1979, she again contacted Mr. Betts, desiring a change in her will. He made the desired change and met the decedent at a bank in Brenham, Texas where the will was executed before Mr. Betts and an employee of the bank, both of whom signed the same as witnesses, at the request of and in the presence of the decedent. This was all done in the presence of the notary who then executed her jurat. These facts were attested to by both witnesses in lengthy depositions which were filed with the court's papers. As shown from the face of the will as produced below, the witnesses

did not physically sign immediately below the signature of the testatrix. Rather, each signed as a witness on the same page at the same time as the testatrix at the conclusion of the self-proving clause.

The typewritten document in question consists of a total of four pages which, for the purpose of clarity, is set out below:

LAST WILL AND TESTAMENT
OF
MABEL GIDDINGS WILKIN

THE STATE OF TEXAS      *
                         *
COUNTY OF BURLESON     *

I, MABEL GIDDINGS WILKIN, a single woman, who is [sic] now residing part of the time in Harris County, Texas, and part of the time in Burleson County, Texas, do hereby declare and publish this, my Last Will and Testament, hereby revoking all testamentary dispositions whatsoever heretofore made by me, and intending to herein and hereby dispose of all property, real, personal and mixed and wheresoever situated and of whatsoever nature, of which I may own and/or be possessed at the time of my death.

I.

I hereby direct that all of my just debts, funeral expenses, costs of administration upon my estate and all inheritance and/or estate taxes which may be levied or imposed upon any of my estate shall be paid by my executrixes out of the residuary part of my said estate.

II.

1. I hereby devise and bequeath to AL-ICE HOLMES FILKINS, if she survives me, the sum of Five Thousand Dollars ($5,000.00).

2. I hereby devise and bequeath to my neices [sic], JOAN HOHLT WICH, BETTY HOHLT PECORE, and MARION FLEM-ING, share and share alike, all of the stock in Old River Ranch, Inc. of which I may die seized or possessed.

3. I hereby devise and bequeath to my niece, MARION FLEMING, (daughter of my sister, Lillian) all of my minerals and royalties in gas and oil only, of which I die seized and possessed, and wheresoever situated.

4. As I am a grandaughter [sic] of the late D. C. Giddings, who was an early settler in Washington County and who, together with his brother, J. D. Giddings, engaged themselves in the building and construction of the Washington County Railroad, carried on a banking business for many years as "Giddings & Giddings, Bankers, (private)", farming, numerous commercial businesses and land developments in Washington County on a large scale; and bore and evidenced his good will to all men by his many philanthropies: I am most humbly proud to be a descendant and benefactor, by consanquinity and secularly, of my maternal grandfather, the late D. C. Giddings and my mother, the late Lillian Giddings, and of my paternal grandfather, John Wilkin, and my father, James L. Wilkin. Philosophically, I am aware and ever conscious of the fact and truth that appreciation and respect by anyone and everyone for their progenitors, and the respects of a people of a community for its founders and developers, and an appreciation for the benefits derived from the contributions of such progenitors, pioneers, developers and forebears have always been and are the hallmark of a progressive civilization.

NE VARIETUR:

     /s/   Mabel Giddings Wilkin
     MABEL GIDDINGS WILKIN,
     TESTATRIX

PAGE 2 of the Will

Indeed, "man's inhumanity to man", as well as the great magnitude of erosion and serious impairment of sincere gratitude, has and is causing countless millions of people to mourn and despair and is contributing in a large degree to the retrogression of our civilization. These truths and resulting de-acceleration of the progress of mankind moves, if not compels, me to "put a candle in the window" as a reminder of our herit-

ages and their contributions, truths and values and to suggest a rennaissance and perpetuation of the same, in the most meaningful way of which I am capable.

Therefore, I hereby devise and bequeath to my nieces, MARION FLEMING, JOAN HOHLT WICH and BETTY HOHLT PECORE, IN PERPETUAL TRUST, the sum of Fifty Thousand Dollars ($50,000.00) to be invested, re-invested, and maintained, and the income only thereof shall be used by them and/or their appointees for the rehabilitation, perpetuation or creation of such monument or memorial to the great heritage of the people of Washington County and the images of its early settlers and forebears of its people, including the aforesaid late D. C. Giddings, Lillian Giddings, and John and James L. Wilkin; if, when and how my aforesaid nieces may determine such purpose will be best served by the income from this trust; and for the accomplishment of such purposes, my above said nieces MARION FLEMING, JOAN HOHLT WICH and BETTY HOHLT PECORE, as such trustees and their respective survivors in/to such trust, shall have all of the rights, powers and authorities granted to and imposed upon trustees by the Texas Trust Act (Article 7425 b of the Revised Civil Statutes of Texas), as the same now exists or as the same may be hereafter amended; and should one of such trustees retire, resign or decease the other two or the remaining active one of such trustees surviving and/or remaining active trustee shall have power and authority to appoint successor and/or additional trustees as they or such single survivor may see fit, by instrument of writing duly acknowledged and recorded with the County Clerk of Washington County, Texas, so as to maintain three co-trustees; and such successor and/or additional trustees shall also have all of the rights and authority and all of the duties and responsibilities so granted and imposed by said Texas Trust Act; and my aforesaid nieces, as such trustees, shall not be required to give any bond or other security for their performance as such trustees or to in anywise insure the corpus or income of such trust property; and they shall further have the power and authority to waive, or not, as they or either of them may see fit, the requirement for the giving of a bond or other security by any or all successor and/or additional trustees by them or either of them so appointed.

5. I hereby devise and bequeath to my nieces, JOAN HOHLT WICH, BETTY HOHLT PECORE and MARION FLEMING, all of the rest and remainder of my estate of whatsoever kind and wheresoever situated, share and share alike.

### III.

Recently, I have discovered that the daughter of my beloved sister Lillian, MARION FLEMING, has a feeling for the land and an appreciation for the achievements of grandfather, D. C. Giddings that are akin to my own; and I now want her to share equally in my estate and its administration with the two daughters of my beloved sister, MARION—namely JOAN HOHLT WICH and BETTY HOHLT PECORE.
NE VARIETUR:

---

*MABEL GIDDINGS WILKIN,*
*TESTATRIX*

### PAGE 3 of the Will

And I wish to have my three nieces appointed executrixes of my estate. And because I believe in their abilities to meet the challenge of whatever field they choose to enter or are called upon to enter, I wish them to have complete control in the affairs of my estate and without participation therein by their respective husbands. I hereby constitute and appoint my nieces MARION FLEMING, JOAN HOHLT WICH and BETTY HOHLT PECORE, co-independent Executrixes of this my Will and estate, and I hereby direct that no bond or other security shall be required of them as such personal representatives of my said estate; and I hereby direct that no judicial action shall be had in the administration of my said estate, save and except that which is necessary and incident to the probation of this my Will and the settlement of estate

**34**

and inheritance taxes incident thereto, if any. I hereby authorize and direct that my said executrixes, acting together and/or the survivor of them and/or the ones who qualifies [sic] to so act if one be deceased or fail to so qualify, shall have all the powers or authorities granted and all the responsibilities imposed upon independent executors under the Probate and other laws of the State of Texas, and such additional power and authority, if any be necessary, to carry out and administer my estate in this manner and for the purposes and to the ends herein specified and directed.

This I make and publish as my LAST WILL AND TESTAMENT, hereunto signing and subscribing my name, this 22nd day of December, 1979, in the presence of Florence Bentke and W. H. Betts, WHO ATTEST THE SAME at my request.

/s/ Mabel Giddings Wilkin
MABEL GIDDINGS WILKIN,
TESTATRIX

THE STATE OF TEXAS     *
                                             *
COUNTY OF WASHINGTON   *

BEFORE ME, the undersigned authority, on this day personally appeared MABEL GIDDINGS WILKIN, Florence Bentke and W. H. Betts, known to me to be the Testatrix and the witnesses, respectively, whose names are subscribed to the annexed and foregoing instrument in their respective capacities and all of said persons being by me duly sworn, the said MABEL GIDDINGS WILKIN, Testatrix, declared to me and to the said witnesses in my presence that said instrument is her Last Will and Testament, and that she had willingly made it and executed it as her free act and deed for the purposes therein expressed; and the said witnesses each on his oath stated to me, in the presence and hearing of the said Testatrix that the said Testatrix had declared to them that said instrument is her Last Will and Testament, and that she executed the same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said Testatrix and at her request;

that she was at that time twenty-one years of age or over and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

/s/ Mabel Giddings Wilkin
MABEL GIDDINGS WILKIN,
TESTATRIX

/s/ Florence Bentke

/s/ W. H. Betts
WITNESSES

Page 4 of the Will

SUBSCRIBED and acknowledged before me by the said MABEL GIDDINGS WILKIN, Testatrix, and subscribed and sworn to before me by the said FLORENCE BENTKE and W. H. BETTS, witnesses this 22nd day of December, 1979.

/s/ Betty Schroeder
Notary Public in and for
Washington County, Texas

*   *   *   *   *   *

▋ Both proponent and contestants filed motions for summary judgment. The trial court denied that part of proponent's motion seeking probate of the will and granted contestants' motion, holding:

That as a matter of law the non-holographic instrument dated December 22, 1979, and offered for probate by Proponent, was not witnessed in accordance with the requirements of Section 59 of the Texas Probate Code due to the witnesses' signatures appearing only on the self-proving affidavit; that as a matter of law the said instrument by reason thereof is not valid as a will and is a nullity, wholly void and not entitled to be admitted to probate as the Last Will and Testament of Mabel Giddings Wilkin, deceased....

We group together for discussion appellant's first, second, and fourth points of error challenging the correctness of the above holding.

The Texas Probate Code clearly sets out that a non-holographic will must be "signed by the testator ... and shall ... be attested by two (2) or more credible witnesses ... who shall subscribe their names thereto in

their own handwriting in the presence of the testator." Tex.Prob.Code Ann. § 59 (Vernon 1980). In addition, the same section provides for self-proof of a will by the use of an acknowledgment by the testatrix and affidavits of the attesting witnesses, thus making unnecessary the testimony of such witnesses at subsequent probate proceedings.

Appellees contended in the trial court and again assert in this court that the rule enunciated by the Supreme Court of Texas in *Boren v. Boren*, 402 S.W.2d 728 (Tex. 1966) controls the disposition of this case. In *Boren*, the court addressed the question whether the self-proving affidavit may be considered so much a part of the will itself as to provide the signatures of two witnesses required for due execution of a will. In reaching its conclusion, the court pointed out that the purpose of a self-proving affidavit is to dispense with testimony of a witness at the time of probate and that "a self-proved will, except for the manner of proof, shall be treated no differently than a will which is not self-proved." *Id.* at 729.

Appellant contends that *Boren* does not control our disposition of this case, "because the witnesses' signatures appear on the face of the will itself." In *Boren*, the testator signed his one page will and the affidavit containing the signature of the witnesses was on a separate page. In the case before us, the body of the will ends in the middle of the third page and the self-proving affidavit follows immediately after testatrix's signature. All signatures are on the same page. Appellant argues that the witnesses' signatures are thus "on the face of the will itself" and the language of the affidavit is superfluous and immaterial since a witness may subscribe his name by signing on any part of the paper itself.

As we noted in another fact situation, Tex.Prob.Code § 59 is "silent as to where the witnesses must sign a will." *Tucker v. Hill*, 577 S.W.2d 321, 322 (Tex.Civ.App.— Houston [14th Dist.] 1979, writ ref'd n.r.e.). Similarly, in *Fowler v. Stagner*, 55 Tex. 393 (1881), the court said it is not material "in

what part of the instrument . . . [the witnesses] signed their names . . . if that were done after the subscription and acknowledgment of it by the testator, with the purpose of attesting it as subscribing witnesses." *Id.* at 400. Further, "[t]he intent to act as a witness may be evidenced by the facts and circumstances surrounding the signing of the will." *Tucker* at 323; *Mortgage Bonding Corp. v. Haney*, 105 S.W.2d 488, 491 (Tex.Civ.App.—Beaumont 1937, writ ref'd).

In the case before us, appellant did not rely upon the self-proving affidavit to admit decedent's will to probate, but provided the testimony of the witnesses to the will. As the court said in *Boren*, the provision allowing use of a self-proving affidavit offers "an alternative mode of proving a will." *Id.* at 728. Where, as here, the witnesses sign on the face of the will and testify that they did so with the purpose of witnessing the will, we think the language of the self-proving affidavit is superfluous.

We have studied the cases submitted by appellees in support of their contention that *Boren* controls and find none which appears to be on point with the fact situation before us today. In some, the self-proving affidavit was on a separate page and, hence, the witnesses' signatures were not on the face of the will. In others, the testatrix or testator did not sign the will itself, only the self-proving affidavit. Only in one case does the fact situation seem somewhat parallel to the one before us on review. However, although appellee has appended a copy of the opinion of another then Court of Civil Appeals to his brief, we can find no publication of it and so decline to consider it as precedent.

The case before us today presents a situation apparently not yet considered by the courts of this state. After careful consideration, we have concluded that to apply the *Boren* rule to the facts before us would be to exalt form over substance. The *Boren* rule should not be blindly applied to defeat the right of the testatrix to dispose of her

estate as she desired.[1] We, therefore, decline to do so.

In view of our disposition of this appeal, we do not address appellant's third point of error concerning attorney's fees. We reverse the judgment granting appellee's motion for summary judgment and order the last will and testament of Mabel Giddings Wilkin admitted to probate.

### ON MOTION FOR REHEARING

In a forceful motion for rehearing, appellee challenges the correctness of this court's opinion on original submission. Counsel for both sides have provided this court with an exceptionally well prepared case, both in the trial court and this court. Needless to say, appellee asserts with as much vigor that the *Boren* rule controls the disposition of this case as does appellant that it does not.

These additional words are written on motion for rehearing because appellee takes this court to task for refusing to follow the case of *Jones v. Jones,* 630 S.W.2d 645 (Tex. Civ.App.—Dallas 1980, writ ref'd No. B9638), and in so doing misconstrues our holding. While a copy of the *Jones* opinion was appended to appellees' brief on original submission and the brief, in citing the case, stated writ of error was refused, we could not find where the case was published. Appellee has now appended to the motion for rehearing a certified copy of the order of the Supreme Court refusing the writ of error, and while still unpublished, we will consider the case.

In *Jones,* it appears the parties offered as "witnesses" to the will signed twice, once in the second line of the self-proving affidavit and once at the end of same. The Dallas Court held that *Boren* controlled. That court, not having before it a statement of facts, looked to the trial court's findings of fact and noted the court apparently was satisfied that "the testator and 'witnesses' innocently completed the typed instrument and filled all the blanks therein in the belief

that they had accomplished the making of a lawful will." We are unable to discern, as was the Dallas Court, what evidence the trial court had before it in *Jones.* We know, however, what the court had before it in this case. Appellant did not seek probate of the will as a self-proved will under Tex.Prob.Code Ann. § 84(a). Rather she sought probate of the will as an "attested written will" under Tex.Prob.Code Ann. § 84(b) and provided the sworn testimony of the attorney who prepared the will and an assistant cashier of the bank where the will was executed, both of whom swore they signed as witnesses to the execution of the will at the request of the testatrix and in her presence.

We think this fact distinguishes our decision from the other cases cited by appellees, including *Jones.* We do not believe the legislature, in enacting Tex.Prob.Code Ann. § 59, intended that statute to deny a testatrix her right to dispose of her property through a technicality; rather, as we see it, the purpose of the self-proving affidavit is to provide an alternative way of proving the will. Appellants have not used the self-proving affidavit in such proof. They have provided the witnesses.

The motion for rehearing is overruled.

---

1. In oral argument before this Court all parties agreed that the testatrix and the two witnesses believed they were validly executing her will.