Michael Lee MORRIS, et al., Petitioners,

v.

Sue MORRIS, Respondent.

No. C–1252.

Supreme Court of Texas.

Nov. 24, 1982.

Rehearing Denied Dec. 31, 1982.

Hight & Hight, Thomas H. Hight, Dallas, Thomas Black, San Antonio, for petitioners.

Stephens, Corn & Rosenstein, Bill D. Rosenstein, Tyler, O'Quinn & Associates, John O'Quinn, Houston, for respondent.

WALLACE, Justice.

This is a will contest. Pursuant to jury findings, the trial court rendered judgment denying probate. The court of appeals reversed the trial court and rendered judgment that the will be admitted to probate. 631 S.W.2d 188. We affirm the judgment of the court of appeals.

On December 25, 1974, Floyd Lee Morris, testator, executed a will which left his entire estate to his minor son, Floyd Lee Morris, Jr., and which excluded his two adult sons, Gerald Morris and Michael Morris, contestants. Sue Morris, the wife of testator and mother of Floyd Lee Morris, Jr., was named independent executrix and trustee of the estate. In the trial court this will was attacked on several grounds, but the only issue reaching this Court concerned revocation. In addition to that issue, we will discuss the questions of fraud and constructive trust.

REVOCATION

Contestants allege that Floyd Lee Morris revoked his will. They base that allegation on the testimony of his aunt, Georgia Marguerite Morris (Marguerite). She testified that in early January of 1975, at the request of Floyd Morris, she drove from her home in Houston to visit the testator at his home in Palestine, Texas. When she arrived, Floyd and his wife, Sue, were lying in bed. Floyd told Marguerite that he was supposed to have signed a will while he was in the hospital in Tyler. Sue then said, "He left me out in the cold. He didn't even leave a roof over my head. Everything was left to Lee Morris." Floyd then said, "Sue, get that will. I want Mutt (Marguerite) to read it. Then I want it destroyed."

Marguerite further testified that Sue Morris got out of bed, went to the next bedroom, took an envelope from her purse, and when she, Marguerite, reached for it, Sue said, "Since I have heard so damn much about this will since you signed it, I will destroy it for you right now." Whereupon Floyd said, "Well I demand it." Sue then tore the envelope into shreds and walked out of the room.

The will of December 25, 1974 was not destroyed. It was introduced in the trial court with no evidence of any attempt to mutilate it. Contestants contend that the intent of Floyd Lee Morris to destroy the will, plus the circumstances described above which would cause him to reasonably believe that the will had been destroyed in compliance with § 63 of the Texas Probate Code, is sufficient to revoke the will even though it was not actually destroyed. Section 63 of the Probate Code provides:

> No will in writing, and no clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, or by the testator destroying or cancelling the same or causing it to be done in his presence.

This Court has long held that the statutory method of revoking a will is exclusive. *Brackenridge v. Roberts*, 114 Tex. 418, 267 S.W. 244, 247 (1924). *Morgan v. Davenport,*

60 Tex. 230, 237 (Tex.1883). The intent of a testator to destroy a will, standing alone and absent a later written express or implied revocation, cannot abrogate the clear wording of the statute. Therefore, we hold that the mere intention to destroy a will, or intention to have it destroyed, coupled with a belief that destruction has occurred, is insufficient to effect revocation. We find it important to adhere strictly to the Probate Code when revoking a will. To hold otherwise would only invite fraud against the estate of a testator whose lips are forever sealed by death.

Since the will of Floyd Lee Morris was not revoked by a subsequent will, codicil, or declaration in writing, nor was it destroyed, it was not revoked.

## FRAUD AND CONSTRUCTIVE TRUST

■ No issue on fraud and resulting trust was submitted to the jury and none was requested. However, after return of the jury's verdict but before the judgment was signed, contestants amended their pleadings to allege fraud and a resulting trust. We can only assume that the amendment was made to the pleadings to support their argument to the court of appeals that they had proven fraud as a matter of law.

By amending their pleadings to allege fraud and by urging it by counterpoint before the court of appeals, the contestants injected the issue into this case and the court of appeals properly addressed it.

The court of appeals held that constructive trust did not apply because no fraud by a beneficiary of the will was proven. Any evidence of fraudulent conduct related to Sue Morris, the wife of the testator and executrix of the estate under the will, and not to Floyd Morris, Jr., the sole beneficiary of the will. This reasoning is contrary to the spirit of *Pope v. Garrett,* 147 Tex. 18, 211 S.W.2d 559 (1948) and is not approved by us. We do find, however, that fraud was not shown as a matter of law. In the court of appeals, contestants based their contention of fraud on the testimony of Marguerite Morris. They contend she was a disinterested witness, that her testimony

was uncontroverted, and therefore must be taken as true. Considering Marguerite's testimony as a whole, we do not find her to be a disinterested witness, and find that her testimony was controverted by Sue Morris, who testified that she did not recall Marguerite visiting in her home at the time alleged by Marguerite. The testimony of Marguerite concerning Sue's actions on the evening in question raised a fact issue to be determined by the trier of fact. It did not prove fraud as a matter of law.

We affirm the judgment of the court of appeals which rendered judgment that the will be admitted to probate.