Joan Hohlt WICH, et al., Petitioners,

v.

Marian W. FLEMING, Executrix of the
Estate of Mabel Giddings Wilkin,
Deceased, Respondents.

No. C–1334.

Supreme Court of Texas.

April 6, 1983.

Rehearing Denied June 8, 1983.

Rehearing Denied July 6, 1983.

**354**

Fulbright & Jaworski, Fred M. Lange, Roger Townsend, Joseph C. Sleeth, Jr. and Jeffrey D. Talmadge, Houston, for petitioners.

Reynolds, Allen, Cook, Pannill & Hooper, William Pannill, Kay K. Pierce and Ann Ryan Robertson, Houston, for respondents.

CAMPBELL, Justice.

This is an appeal from a summary judgment denying probate of the purported will of Dr. Mabel Giddings Wilkin. The court of appeals reversed the judgment of the trial court and remanded the cause. 638 S.W.2d 31. On motion for rehearing, we reverse the judgment of the court of appeals and affirm the trial court's judgment.

Dr. Wilkin executed her will at a bank in Brenham, Texas on December 22, 1979 before her attorney and an employee of the bank. She signed her name on the last page of the will. The witnesses did not sign immediately below her signature, but instead signed at the conclusion of the self-proving affidavit located at the bottom of the same page. The witnesses testified concerning these facts in depositions which were filed with the court, and all parties agree that Dr. Wilkin and the two witnesses believed they were executing the will validly.

In *Boren v. Boren,* 402 S.W.2d 728 (Tex.1966), we held that a will was not admissible to probate if the witnesses had signed only the self-proving affidavit attached to the will. The premise of this holding was that the will and the self-proving affidavit require different types of intent on the part of the witness and serve different purposes. The attesting witness is expressing his present intent to act as a witness. The witness executing a self-proving affidavit is swearing to the validity of an act already performed. In the present instance, as in *Boren,* the self-proving affidavit states the witnesses' "names are subscribed to the annexed [and] foregoing instrument . . ." and that "each witness stated further that they did sign the same as witnesses. . . ." The witnesses in fact had not previously signed the will as witnesses. Therefore, neither the intent to presently attest nor the intent to substantiate a previous attestation was accomplished.

The functions of the two provisions vary as well. Proper attestation by two qualified witnesses validates an otherwise properly executed will; the only purpose of the self-proving affidavit is to eliminate the necessity for the testimony of the subscribing witnesses when the will is offered for probate. As we stated in *Boren,* "it was not the purpose of the Legislature [when enacting this alternative means of proving a will] to amend or repeal the requirement that the will must meet the requirements of the law." *Id.* at 729. A properly executed will is a condition precedent to the usefulness of a self-proving affidavit. Without a preexisting, valid will, the self-proving affidavit is ineffective for any purpose. The *Boren* rule has been followed consistently. *E.g., Jones v. Jones,* 630 S.W.2d 645 (Tex.Civ.App.—Dallas 1980; writ ref'd); *Shriners Hospital for Crippled Children v. St. Jude Children's Research Hospital, Inc.,* 629 S.W.2d 767 (Tex.Civ.App.—Dallas 1981, writ ref'd); *In re Estate of McDougal,* 552 S.W.2d 587 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *McLeroy v. Douthit,* 535 S.W.2d 771 (Tex.Civ.App.—Fort Worth), *writ ref'd n.r.e. per curiam,* 539 S.W.2d 351 (Tex.1976); *Cherry v. Reed,* 512 S.W.2d 705 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); *In re Estate of Pettengill,* 508 S.W.2d 463 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.).

Fleming, the executrix, attempts to avoid application of the *Boren* rule on several grounds. She argues the rule should be inapplicable if witnesses are available to prove proper execution at the time the will

is offered for probate. We disposed of this issue in *Boren* by citing with approval the holding in *McGrew v. Bartlett,* 387 S.W.2d 702 (Tex.Civ.App.—Houston 1965, writ ref'd). A will was denied probate in that case because the witnesses signed only the self-proving affidavit, even though testimony of a witness to the will was introduced that she, the other witness, and the testatrix all thought they were signing the will at the appropriate places. As recently reiterated by this Court, even clear evidence of intent cannot abrogate the mandatory provisions of the probate code. *Morris v. Morris,* 642 S.W.2d 448, 450 (Tex.1982).

■ Fleming urges *Boren* is distinguishable because here the portion of the self-proving affidavit the witnesses signed was on the same page as the testatrix' signature. The witnesses in *Boren* signed a self-proving affidavit which was attached to the will. We do not find this difference significant. The will and the self-proving affidavit are separate and distinct documents; their appearance on a single sheet of paper does not alter their separate character. Section 59 of the Probate Code requires two competent witnesses to attest the execution of the will. Tex.Prob.Code Ann. § 59 (Vernon 1968). The attestation must appear on the will—not on another document. As pointed out in *Boren,* "the self-proving provisions attached to the will are not a part of the will but concern the matter of its proof only." 402 S.W.2d at 729. Only recently we refused the application for writ of error in *Jones v. Jones,* 630 S.W.2d 645 (Tex.Civ. App.—Dallas 1980, writ ref'd), in which a will was denied probate because the witnesses signed only the self-proving affidavit, even though they signed the affidavit twice, and the first set of signatures appeared on the same page as the end of the will.

Fleming suggests we ignore the language of the affidavit and consider the witnesses' signatures as appearing directly below the testatrix' signature, as required by section 59. We cannot assume the parties signing the affidavit, one of whom was an attorney, did not read and were unaware of the language of the affidavit and its import. Although the result reached here may seem harsh, it must be noted this will was drafted and executed thirteen years after our decision in *Boren* which expressly disapproved this procedure.

■ The right of a person to devise property at his death to another is a purely statutory right. *Poole v. Starke,* 324 S.W.2d 234, 236 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.); *Maxey v. Queen,* 206 S.W.2d 114, 116 (Tex.Civ.App.—Fort Worth 1947, writ ref'd n.r.e.). If the requirements for disposing of property by will are to be altered, it is the province of the Legislature, not this Court, to effect those changes. It is significant to note the Legislature has amended section 59 of the Probate Code twice since the date of the *Boren* decision, but has not modified the statutory requirements at issue here. 1971 Tex.Gen.Laws, Ch. 173, § 5 at 974; 1969 Tex.Gen.Laws, Ch. 641, § 5 at 1922. "[T]he Legislature must be regarded as intending statutes, when repeatedly reenacted, as in the case here, to be given that interpretation which has been settled by the courts." *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182, 187 (Tex.1968).

Fleming next urges this Court to remand the issue of attorney's fees to the court of appeals so the adequacy of her award may be passed on by that court. This issue is presented to us for the first time in Fleming's motion for rehearing. Although the issue was raised by her as a point of error in her brief before the court of appeals, the issue expressly was not reached by that court. Fleming did not present the point in a motion for rehearing, in an application for writ of error, or as a cross-point in her reply to the Wich application for writ of error.

■ Although an executor is entitled to be reimbursed for reasonable expenses spent in a good faith attempt to defend a will, whether successful or not, we have held the executor's suit for recovery of attorney's fees must be brought in the original will contest. *Russell v. Moeling,* 526 S.W.2d 533 (Tex.1975); Tex.Prob.Code Ann. § 243 (Vernon 1980). The action of the

court of appeals, therefore, had the effect of making the trial court's determination res judicata to any future action Fleming might pursue for her attorneys' fees. The omission of the court of appeals to address the attorney's fee claim was harmful to Fleming. She had the obligation to present the error to that court in a motion for rehearing and to this Court by point or crosspoint to preserve the error.

Fleming contends she was not required to raise the point on rehearing in the court of appeals or as a crosspoint here because she was the prevailing party in the intermediate court. She relies on our decisions of *McKelvy v. Barber,* 381 S.W.2d 59 (Tex. 1964) and *Taggart v. Taggart,* 552 S.W.2d 422 (Tex.1977). We find neither of these cases to be controlling. In *McKelvy,* an independent, alternative ground for upholding the trial court's judgment was presented to and briefed in the court of appeals, but the ground was not reached by that court in its affirmance of the trial court's judgment. We considered the merits of the alternative ground in reversing the lower courts' judgments, even though the ground was not presented to this Court as a point of error in petitioner's application for writ of error. We do not have the *McKelvy* situation here. The issue of attorney's fees is an integral aspect of the will contest and could not stand as an independent basis for admitting or denying probate of the will.

In *Taggart,* we held it was unnecessary for a party to file a crosspoint in this Court if the point had been presented to the court of appeals and a wholly favorable judgment had been obtained from that court. The court of appeals opinion, as noted above, was not wholly favorable to Fleming. Fleming has waived her right to have this Court consider her claim regarding attorney's fees. This Court may not consider an attack on a judgment unless the complaining party has invoked this Court's jurisdiction properly by raising the point in a motion for rehearing in the court of appeals. *Nagle v. Nagle,* 633 S.W.2d 796 (Tex.1982); Tex.R.Civ.P. 458, 469(e); *see also* Hatchell & Calvert, *Some Problems of Supreme Court Review,* 6 St. Mary's L.J. 303, 309 (1974).

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

Dissenting Opinion by ROBERTSON, J., in which WALLACE and KILGARLIN, JJ., join.

ROBERTSON, Justice, dissenting.

I respectfully dissent. I would affirm the judgment of the court of appeals and admit to probate the will of Dr. Mabel Giddings Wilkin. *Boren v. Boren,* 402 S.W.2d 728 (Tex.1966), relied on by the majority, was a radical departure from Texas jurisprudence. It has led to harsh results and created a trap for the testator whose lips are forever sealed. The time has come to re-examine the hypertechnical compliance with the Probate Code as required by *Boren.*

The Probate Code sets out three requirements for a will which is not wholly in the testator's handwriting: 1) The will must be in writing; 2) it must be signed by the testator in person; and 3) two credible witnesses over the age of 14 must attest the will by signing their names to it in the presence of the testator. Tex.Prob.Code Ann. § 59. Dr. Wilkins complied with all three. The uncontroverted testimony of the witnesses in this case discloses that they signed the third page of Dr. Wilkins' will in her presence with the sole purpose of attesting the same. Yet the majority continues to follow the *Boren* line of Texas cases which nullifies wills where the witnesses sign beneath a self-proving affidavit, rather than beneath the will itself.

Since 1881, Texas courts have found that the location of a witness's signature on a will is irrelevant. In *Fowler v. Stagner,* 55 Tex. 393 (1881), the court upheld a will where one witness had signed his name below a codicil only, rather than beneath the will. "It was not material, we think, in what part of the instrument they signed their names as witnesses, if that were done after the subscription and acknowledgment of it by the testator, and with the purpose

of attesting it as subscribing witnesses." 55 Tex. at 400. A witness in *Franks v. Chapman,* 64 Tex. 159 (1885), who was also the county clerk, signed his name to his official certificate, acknowledging the execution of the will. This did not affect the validity of the clerk's signature as an attesting witness. Similarly, in *Saathoff v. Saathoff,* 101 S.W.2d 910 (Tex.Civ.App.—San Antonio 1937, writ ref'd) the fact that one witness signed as a notary beneath a notary public certificate did not nullify his signature.

The provisions for self-proof of wills was incorporated into the Texas Probate Code in 1955. Acts 1955, 54th Leg., p. 88, ch. 55. The first case to construe the self-proving provisions was *McGrew v. Bartlett,* 387 S.W.2d 702 (Tex.Civ.App.—Houston 1965, writ ref'd). Close on its heels came *Boren v. Boren,* 402 S.W.2d 728 (Tex.1966) which followed *McGrew* in denying probate of a will since the witnesses had signed beneath the self-proving affidavit rather than beneath an attestation clause.

I submit that the self-proving affidavit serves the same function as an attestation clause, i.e., that the witnesses, at the request and in the presence of the testator, have signed their names as witnesses to the testator's will. This result is harmonious with the language in Section 59 of the Probate Code because that section requires only that the witnesses attest the will, it does not specify the location of their signatures, nor does it preclude the self-proving affidavit from fulfilling the attestation requirement.

Only one other state, Montana, has adopted the reasoning of *Boren. Matter of Estate of Sample,* 175 Mont. 93, 572 P.2d 1232 (1977)[1]. Oklahoma, Kansas and Florida have specifically held that *Boren* is not controlling in their states. *In re Estate of Cutsinger,* 445 P.2d 778 (Okl.1968); *Matter of Estate of Petty,* 227 Kan. 697, 608 P.2d 987 (1980); *In re Estate of Charry,* 359 So.2d 544 (Fla.App. 4th Dist.1978). The

Oklahoma and Texas Probate Codes have virtually identical self-proving provisions; however the Oklahoma Supreme Court has held that the self-proof affidavit may serve as an attestation since the attestation "clause" of a will need not be in any particular form. *In re Estate of Cutsinger,* 445 P.2d at 782. Florida, in expressly rejecting the *Boren* line of cases stated, "The Texas view places form above substance and we decline to follow it." *In re Estate of Charry,* 359 So.2d at 545. Even a Texas appellate court has noted its reluctance to follow *Boren* stating that it is "compelled to obey" the decision. *Jones v. Jones,* 630 S.W.2d 645, 648 (Tex.Civ.App.—Dallas 1980, writ ref'd).

The philosophy underlying the provisions on execution of wills in the Texas Probate Code is to allow every citizen the right and privilege of disposing of his property as he sees fit. *Scheetz v. Bader,* 251 S.W.2d 427 (Tex.Civ.App.—Galveston 1952, writ ref'd). This absolute right "would be a solemn mockery, if any mere arbitrary rules were suffered to frustrate and defeat that intention [of the testator]." *Paul v. Ball,* 31 Tex. 10, 13 (1868). I urge that the Texas cases beginning with *McGrew v. Bartlett* and *Boren v. Boren* have thwarted hosts of testamentary dispositions based on arbitrary rules of construction.

The present case makes even a stronger argument to uphold the will of Dr. Wilkins. The witnesses signed below the self-proving affidavit which was on the *same page* as the last article of Dr. Wilkins' will. In *Boren* the affidavit and witnesses' signatures appeared on a separate page. The witnesses' signatures here are less than six inches beneath that of the testatrix, Dr. Wilkins. Had that six inches in which the self-proving affidavit is typed been left blank, there would be no dispute as to proper attestation. Here, there is clearly no evidence of fraud or undue influence to destroy the credibility of the witnesses' attestation.

---

1. An Arizona appellate court cites *Boren;* however the will failed in that case because the witnesses were not present when the testatrix signed her will as required by the Arizona statute. *Matter of Estate of Mackaben,* 126 Ariz. 599, 617 P.2d 765 (Ariz.App.1980).

I would hold that a self-proving affidavit can satisfy the attestation requirements of Section 59 of the Probate Code, where, as here, witnesses testified unequivocally that they intended to attest the will of the testatrix. To hold otherwise is manifestly unjust. *Boren v. Boren* and its progeny should be overruled.

WALLACE and KILGARLIN, JJ., join in this dissent.

### ON MOTION FOR REHEARING

 Fleming correctly points out in her motion for rehearing that although the court of appeals' opinion in this cause does not address the issue of attorney's fees, the judgment of the court of appeals reversed the judgment of the trial court and remanded the entire cause. Therefore, she received a wholly favorable judgment in the court of appeals and properly could present her issue on attorney's fees for the first time in this Court on motion for rehearing. *Taggart v. Taggart,* 552 S.W.2d 422 (Tex. 1977).

Wich, the will contestant, filed a motion for summary judgment in the will contest. Fleming filed a response and cross-motion for summary judgment in which she requested attorney's fees. Affidavits were attached indicating she had incurred attorney's fees in the amount of $19,530.53. Wich filed a response in which she attacked the amount of the fees. The trial court rendered summary judgment for Wich and awarded Fleming $10,000 for attorney's fees.

We hold the determination of the disputed fact issue of attorney's fees was improper in a summary judgment proceeding. *Coward v. Gateway Nat'l Bank of Beaumont,* 525 S.W.2d 857, 858 (Tex.1975); *Himes v. American Home Fence Company,* 379 S.W.2d 290, 290–91 (Tex.1964).

This cause is remanded to the trial court for determination of the amount of attorney's fees due Fleming. In all other respects, the motion for rehearing is overruled.

Concurring Opinion by ROBERTSON, J., in which WALLACE and KILGARLIN, JJ., join.

ROBERTSON, Justice, concurring.

I agree with the Court's action on Motion for Rehearing, but still adhere to my original dissent.

WALLACE and KILGARLIN, JJ., join in this concurring opinion.