**Phillip S. CUTLER, Appellant,**

v.

**Linda Ley AMENT, Appellee.**

**No. C14–86–453CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 26, 1987.

Rehearing Denied March 26, 1987.

Jerry L. Schutza, Houston, for appellant.

Barry Boorstein, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Phillip S. Cutler, is the proponent of the January 27, 1979 will executed by Constance J. Cutler ("first will"). Appellant appeals a judgment admitting the March 3, 1982 will of Constance Cutler ("second will") to probate and issuing letters testamentary to Linda Ley Ament, appellee and proponent of the second will.

In response to five special issues submitted at the trial contesting the second will, the jury found testatrix Cutler had neither lacked testamentary capacity nor been subject to undue influence in executing the second will. The trial court entered judgment admitting the second will to probate, denying appellant's motion for judgment non obstante veredicto and alternatively for judgment, which alleged the self-proving affidavit of the second will did not comply with Sections 88 and 59 of the Probate Code. Tex.Prob.Code Ann. §§ 88, 59 (Vernon 1980). Because we hold the second will an ordinary attested will without an attached self-proving affidavit, we reverse the judgment of the trial court and remand the cause for additional proof by appellee of the validity of the second will. Tex.R.App.P. 80(c); Tex.Prob.Code Ann. §§ 88(b) (Vernon 1980).

Appellant raises neither lack of testamentary capacity nor exertion of undue influence as issues on appeal. He asserts in a single point of error only that the trial court erred in admitting the second will to probate on the basis of the self-proving affidavit. He maintains the document attached to the will is defective. It is not a self-proving affidavit because it was not sworn to but merely acknowledged by the witnesses, and, therefore, does not comply with Sections 59 and 88 of the Probate Code. He claims further that such defect must invalidate the second will.

Section 59 permits the use of self-proving affidavits, stating in pertinent part:

[A] will ... may, at the time of its execution or at any subsequent date during the lifetime of the testator and the witnesses, be made self-proved, and the testimony of the witnesses in the probate thereof may be made unnecessary, by the affidavits of the testator and the attesting witnesses, made before an officer authorized to take acknowledgments to deeds of conveyance and to administer oaths under the laws of this State.

At the end of Section 59 is an example of the body of a self-proving affidavit and the notary attestation certificate, or jurat, which evidences the affidavit. The Probate Code requires that the affidavit and its certificate shall be worded in form and contents substantially as follows:

THE STATE OF TEXAS
COUNTY OF _____

Before me, the undersigned authority, on this day personally appeared ... known to me to be the testator and the witnesses....

[elements of proof required for probate]

_____
Testator

_____
Witness

_____
Witness

Subscribed and acknowledged before me by the said _____, testator, and subscribed and sworn to before me by the said _____ and _____, witnesses, this _____ day of _____ A.D. _____.

(SEAL)

(Signed) _____
(Official Capacity of Officer)

The Probate Code's example clearly mandates that the witnesses subscribe and swear to the truth of the matter set out.

By contrast, the wording of the second will's certificate differs from the Code example. That certificate states the testatrix had *sworn* before a notary, while the attesting witnesses had *subscribed and acknowledged:*

SUBSCRIBED AND SWORN TO BEFORE ME BY THE SAID CONSTANCE JOHNS CUTLER, TESTATRIX, AND SUBSCRIBED AND ACKNOWLEDGED TO BEFORE ME BY THE SAID WITNESSES, AMBER EVANS AND ROBERT F. KAHN ON THIS THE 3rd DAY OF MARCH, 1982.

Appellant argues that since the jurat of the second will does not comply with Section 59, the self-proving affidavit is defective, and the second will is thus invalidated. Consequently, the first will must be admitted to probate. On the other hand, appellee asserts that the mere transposition of the phrases "sworn to" and "acknowledged to" in the certificate has no substantive effect on the form or content of the affidavit; therefore, the second will was correctly admitted to probate.

■ We disagree with appellee's assertion that transposing the two phrases results in a clerical error with no substantive effect. We are, however, partially in accord with appellant's contentions: We agree with his claim that the wording of the jurat makes the self-proving affidavit defective. However, we decline to accept his conclusion that such defect invalidates the second will.

Although strict compliance with Probate Code formalities may at times lead to harsh results, a long line of authority demands such conformity. *See Boren v. Boren,* 402 S.W.2d 728 (Tex.1966); *Wich v. Fleming,* 652 S.W.2d 353 (Tex.1983); *Morris v. Morris,* 642 S.W.2d 448 (Tex.1982); *McGrew v. Bartlett,* 387 S.W.2d 702 (Tex.Civ.App.— Houston 1965, writ ref'd).

■ Unlike cases we have cited in which the entire will has been invalidated, the case before us presents an obvious defect only in the self-proving affidavit of the will. Because the law is well established that a self-proving affidavit is not part of a will, we hold only the self-proving affidavit, not the will, invalid.

Our holding derives from well established authority that the self-proving affidavit is a separate document, the sole purpose of which is evidentiary: i.e., to provide an alternate method of proving a will offered for probate without the need for testimony of the subscribing witnesses. Tex. Prob.Code Ann. § 59 (Vernon 1980); *Boren v. Boren,* 402 S.W.2d at 729; *Wich v. Fleming,* 652 S.W.2d at 354.

We have found no relevant authority directly on point, in which an alleged self-proving affidavit was unsworn and thus invalidated. Therefore, we rely on related case law, as well as on the meaning of the terms "acknowledgment" and "affidavit."

The statutory definitions of the terms "affidavit" and "acknowledgment" are clearly different. In an affidavit, the party making the affidavit must swear to the truth of the matter set out and an appropriate officer must certify it:

"Affidavit" means a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office.

Tex.Govt.Code Ann. § 312.011(1) (Vernon Pamph.1986). On the other hand, there is no statutory requirement that a person swear in an acknowledgment:

(a) To acknowledge a written instrument for recording, the grantor or person who executed the instrument must appear before an officer and must state that he executed the instrument for the purposes and consideration expressed in it.

(b) The officer shall:

(1) make a certificate of the acknowledgment;

(2) sign the certificate; and

(3) seal the certificate with the seal of office.

Tex.Civ.Prac. & Rem.Code Ann. § 121.004 (Vernon 1986).

■ Furthermore, a line of analogous authority draws an emphatic distinction between an acknowledgment and an affidavit. Because an acknowledgment does not purport to be a certification that the person acknowledging it swears to the truth of the matter set out, it does not constitute an "affidavit." *Perkins v. Crittenden,* 462 S.W.2d 565, 567 (Tex.1970). Although the court in *Perkins* was discussing an affidavit required for summary judgment under Rule 166–A(e) of the Texas Rules of Civil Procedure, we find the reasoning equally applicable to the case before us. Other courts have applied like reasoning in various situations, stressing the necessity of a jurat, not merely an acknowledgment, to

satisfy the requirement of an affidavit. *See Failing v. Equity Management Corp.,* 674 S.W.2d 906 (Tex.App.—Houston [1st Dist.] 1984, no writ) (verified pleading under Tex.R.Civ.P. 93); *Superior Stationers Corp. v. Berol Corporation,* 483 S.W.2d 857 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ) (summary judgment; suit on sworn account); *Crockett v. Sampson,* 439 S.W.2d 355 (Tex.Civ.App.—Austin 1969, no writ) (mechanics' lien).

Appellee presents us with a rather ingenious semantic argument. She states that the term "affirmed" is a recognized substitute for "sworn" in the Government Code, Tex.Govt.Code Ann. § 312.011 (Vernon Pamph.1986); and "affirm" is also a synonym for "acknowledge," Black's Law Dictionary 21 (5th ed. 1979). She claims, therefore, that as used in the self-proving affidavit, the terms "acknowledge" and "swear" are essentially synonymous. We find such reasoning specious. An acknowledgment is not the equivalent of an affidavit, and to our knowledge has not been so held.

We do not hold the second will, excluding the self-proving affidavit, valid without further proof; however, the record before us reflects a will apparently valid on its face. We accordingly reverse the judgment of the trial court and remand the cause for the additional proof appellee requires under Tex.Prob.Code Ann. § 88(b) to have admitted to probate an ordinary attested will not self-proved.